In the Matter of the Accounting of ANNA PARKER PRUYN, as Executrix, etc.

Where an executor and executrix who were legatees under the will executed an instrument stating that their accounts were settled "as between themselves, and as between themselves and said estate," and mutually releasing each other from every liability "by reason of anything relating to the estate or the doings or proceedings of either of them as executrix or executor of said will," *held*, that the release was a bar to proceedings instituted by the executor before the surrogate to compel the executrix to account. Also, that the effect of the instrument as a bar was not affected by the fact that there was an infant interested in the estate ; that the release, while it stands, was effectual as a bar under all circumstances as between the executor and executrix.

(Argued March 12, 1894;  decided March 20, 1894.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made December 6, 1893, which reversed an order of the Surrogate's Court of the county of Albany directing an accounting.

The petitioner, John V. L. Pruyn, was an executor and a legatee under the last will of his father, John V. L. Pruyn, deceased, and by this petition he has sought to compel Mrs. Anna P. Pruyn, the widow and an executrix under the will, to render an account of her proceedings as such executrix

since January, 1878; at which time letters testamentary were granted to her. Upon the return day of the citation to her, Mrs. Pruyn filed an answer; setting forth the execution by the petitioner, Pruyn, of a release of all claims and demands etc. and a motion was thereupon made on her behalf to dismiss the petitioner's proceedings. The release referred to was in an agreement executed between Mrs. Pruyn, as widow and executrix of the testator; the petitioner Pruyn, as the son and executor of the testator, and Harriet, a daughter of the testator, and was dated June 15th, 1889. The instrument mentioned divisions of the property as having been made in the years 1880 and 1887, by agreement between Mrs. Pruyn and Mr. Pruyn, in accordance with the will; Mrs. Pruyn acting at the time therein as guardian of her two daughters Harriet and Huybertie. It proceeded to ratify and confirm those divisions and the statement of the accounts relating to the estate; and set forth that "said accounts are settled as between themselves and as between themselves and said estate." Then followed mutual releases; by which Mrs. Pruyn and Mr. Pruyn released each other from every liability "by reason of anything relating to the estate, or the doings or proceedings of either of them, as executrix or executor of said will."

The surrogate of the county of Albany denied the motion to dismiss the proceeding, and ordered Mrs. Pruyn to render a full and complete account of all her proceedings as executrix etc. Upon appeal, the General Term reversed the surrogate's order and the petitioner has appealed to this court.

*Barnwell Rhett Heyward* and *Edwin Countryman* for appellant. The order is appealable. (*In re Gilbert*, 104 N. Y. 205; *Fiestor* v. *Shepherd*, 92 id. 251; *In re Hulsey*, 93 id. 48; *In re Soule*, 46 Hun, 661.) The petitioner is entitled to an accounting as a matter of right. (Code Civ. Pro. §§ 2514, 2724, 2726, 2727; *In re Wagner*, 119 N. Y. 33; Redf. Surr. Pr. 98; *Wood* v. *Brown*, 34 N. Y. 337; *Burt* v. *Burt*, 41 id. 46; *Buchan* v. *Rintoul*, 70 id. 1.) The agreement does not relieve the executrix from accounting.

(Code Civ. Pro. §§ 2587, 2727.) The release does not discharge the petitioner. (Perry on Trusts, §§ 94, 274, 283, 401, 920, 921; *Craig* v. *Craig*, 3 Barb. Ch. 76, 100; *Thacher* v. *Cander*, 3 Keyes, 157; *Shepherd* v. *McIver*, 4 Johns. Ch. 136; *Ridgely* v. *Johnson*, 11 Barb. 527; *Pearce* v. *Pearce*, 22 Beav. 248; *Cruger* v. *Halliday*, 11 Paige, 314.)

*J. Newton Fiero* for respondent. The petitioner is not entitled to the relief asked for and granted by the court below, because he is shown not to have any interest whatever in the estate, and this appears by his own solemn act acknowledging settlement and satisfaction in full of his claims against the estate and releasing the executrix therefrom. In the absence of any allegation of fraud or mistake, no court, whether at common law or in equity, would have any right whatever to set aside the release, or to entertain jurisdiction of the action for that purpose. (*In re Wagner*, 52 Hun, 23; 119 N. Y. 28.)

GRAY, J. It is difficult to perceive upon what principle the surrogate determined the liability of Mrs. Pruyn, the executrix, to render an account of her proceedings, upon this application. We are without any opinion by him and we can only suppose he must have regarded the matter much in the same light as does the petitioner; namely, that an accounting is so much a matter of strict right, as to override and render ineffectual this agreement of the parties. We had occasion, in the *Matter of Wagner's Estate* (119 N. Y. 28), to consider the question of the effect of a release, given by a person who was interested in an estate in course of administration, upon a subsequent application to compel an accounting by the executor. The case was a much stronger one than this; for there the petitioner was not the person who had executed the release, but it was his widow and administratrix, and she alleged fraud in its procurement. Here the agreement of release is not attacked upon any ground whatever; but the court is simply asked to disregard it as constituting any bar to the petitioner's right to maintain the proceeding   The principle of our decision in the *Wagner*

case (*supra*) applies fully here and what we said there we may repeat here; that it is the surrogate's "duty to deny the petition, if it should appear that the petitioner is not, on the face of the proceedings, entitled to the order and he should not permit the executor to be uselessly harassed." By the terms of the release in this case, nothing was left open to question as to the estate in course of administration. The settlement between the parties was of the most complete character and the agreement evidencing it, so long as it stands as their agreement, prevents either of them from setting in motion the machinery of the Surrogate's Court to compel a judicial accounting by the other. The right and interest of each in the estate have been extinguished; except as to any residuary interest of a vested or contingent nature; an exception provided for in the agreement and which affects possible future interests and not the past administration. The appellant, however, endeavors to sustain his proceeding in other ways. He says that an accounting should be had as to certain securities, which were set apart by agreement in 1887, "as a fund to yield an income" for the maintenance of the family residence; the use of which was devised to testator's widow. That agreement was between the same parties; it is not attacked upon any ground and it remains in full force. The petitioner's application was to compel the executrix to render a full account of all her proceedings as executrix and neither did, nor could, contemplate that she should account for the expenditure since 1889 of the income of the fund, so appropriated by their agreement to a specific purpose and which, so far as the record informs us, is held by them jointly. With respect to that they have no claim to call each other to any account in the Surrogate's Court; whatever may be rendered necessary upon the widow's death. The appellant argues that the fact of there being a minor child, who was not a party to the agreement of 1889, imposes upon him the discharge of the duty to compel an accounting by the executrix. It is sufficient to say, as to that suggestion, that the minor has not been brought into the proceeding and, if she had been, it would not have

been of any avail to the petitioner in support of his demand upon Mrs. Pruyn for an account of her proceedings. The rights of the minor were not affected by anything that was done and she was not precluded from asserting her rights and from compelling an accounting as to her interests, if she so elected, upon coming of age. The bar to such a proceeding as this by the petitioner, which was interposed by the agreement of release in question, is, while it stands, effectual under all circumstances as between him and the executrix. The questions have been so fully discussed at the General Term, as to render it unnecessary for us to say more than we have.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.