In the Matter of the Judicial Settlement of the Accounts of Stephen H. Hammond, Executor and Testamentary Trustee under the Will of Amon W. Langdon, Deceased.

George C. Langdon, Appellant; Stephen H. Hammond, as Executor, etc., of Amon W. Langdon, Deceased, Respondent.

*Surrogate's Court — petition for the payment of a legacy — when the claim is alleged to be released and to be invalid, the surrogate is without jurisdiction — Code of Civil Procedure, § 2722 — presumption as to an executorship and trusteeship being combined.*

Where a legatee presents a petition asking that a person account as executor and testamentary trustee and pay over to the petitioner a legacy, and the executor and testamentary trustee, upon the return of the citation, alleges that the petitioner has released his legacy, has no interest in the estate and denies the validity and legality of the claim, it is the duty of the surrogate to dismiss the proceeding.

The Surrogate's Court is one of limited jurisdiction, and it has no power to try and determine the question whether the release executed by the legatee was obtained by fraud or was given by mistake.

Where the petitioner alleges that the person in question had never rendered an account of his proceedings as executor and as testamentary trustee, and the

will is not printed in the appeal book, the court cannot assume that the case is one where the two functions of executor and trustee co-exist and are inseparably blended.

APPEAL by George C. Langdon, one of the legatees named in the will of Amon W. Langdon, deceased, from an order of the Surrogate's Court of the county of Ontario, entered in said Surrogate's Court on the 4th day of August, 1894, directing that proceedings to compel an accounting by said executor and trustee, and to compel the payment of the legacy mentioned in the will of the testator be dismissed.

*Frederick L. Manning,* for the appellant.

*Charles A. Hawley,* for the respondent.

DAVY, J.:

In March, 1894, the appellant presented a petition to the surrogate of Ontario county praying that a citation issue to the respondent requiring him to account as executor and testamentary trustee and pay over to the petitioner a legacy of $8,000, with interest thereon from October 4, 1873. Upon the return of the citation the respondent filed an answer alleging that the estate had been settled and distributed, and that the petitioner's claim had been paid.

The answer also states that the petitioner, in September, 1874, executed and delivered to the executor and trustee a writing in which he acknowledged the receipt in full of all claims which he had against the estate of Amon W. Langdon, deceased, and released and discharged the executor of said estate from all liability to the said petitioner, and alleges that the petitioner has no interest in the estate, and it also denies the validity and legality of the petitioner's claim.

Upon the filing of the answer the respondent's attorney moved to dismiss the proceedings, which motion was granted by the surrogate.

The learned counsel for the appellant contends that the petition ought not to have been dismissed, as no opportunity was given him to reply to the answer. It is sufficient to say in regard to the appellant's contention that the surrogate in his opinion says that no

formal reply was interposed by the petitioner to the answer, but that in response to an inquiry the petitioner's attorney said that the execution of the receipt would not probably be questioned. In that view of the case it seems to me that the dismissal was clearly right. (*In the Matter of Pruyn,* 141 N. Y. 544.)

Under section 2722 of the Code of Civil Procedure the surrogate was required, upon the presentation of the petition, to issue a citation, and, on the return thereof, to make such a decision in the premises as justice required. But he is required to dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner, where an executor or an administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or on information and belief.

In the face of this explicit provision of the statute, I am unable to see how the surrogate had any authority to hear and determine the issues raised by the answer.

The Surrogate's Court is one of limited jurisdiction, and it had no power to try and determine the questions whether the release had been obtained by fraud or given by mistake. These disputed questions of fact could only be adjudicated in a court of equity or law and not in the Surrogate's Court. (*Bevan et al.* v. *Cooper et al.,* 72 N. Y. 329.)

Judge GRAY had occasion in *The Matter of Wagner* (119 N. Y. 36) to discuss this question quite fully, and in expressing the views of the court he said : " Where an application is made to the surrogate for an order compelling the executor or administrator to file an inventory, or to render an account, and it appears, in answer to it, that the applicant can have no right to such an order, by reason of his interest having been satisfied and extinguished by a settlement and distribution, whether in or out of court, or barred by a release, or otherwise, and the factum of a settlement, or of a release, or any act constituting the bar, is put in issue by the reply of the applicant, that the surrogate should dismiss the petition and remit the applicant to his proceeding in a court having general equity powers to try out such an issue."

The learned counsel for the appellant also contends that the

legacy was in the hands of the respondent as a trustee and not as an executor, and that section 2722 of the Code of Civil Procedure does not apply to a testamentary trustee.

The will is not printed in the appeal book. We are, therefore, compelled to ascertain its contents as well as we can from what appears in the proceedings before the surrogate. The petition alleges that Hammond has never rendered an account of his proceedings as executor and testamentary trustee, and it asks that he be cited to show cause why he should not render an account and settle the same. If the duties of the respondent, as executor, were first to be discharged before he could assume the duties of trustee, then the legacy, if any, still remains in his hands as executor, because the petition states that no judicial settlement of his accounts has ever been had by the executor.

We cannot, from the language of the petition, assume that this is a case where the two functions of executor and trustee co-exist and are inseparably blended together. We could only determine that question from the context of the will, which is not before us.

The order appealed from should be affirmed, with costs to be paid out of the estate.

Lewis, Bradley and Ward, JJ., concurred.

Order appealed from affirmed, with costs.