In re LANGDON'S ESTATE.

In re HAMMOND.

(Supreme Court, General Term, Fifth Department. December 28, 1895.)

EXECUTORS AND ADMINISTRATORS—CITATION—POWERS OF SURROGATE.
    Code Civ. Proc. § 2722, providing for the citation by a surrogate of an executor or administrator to show cause why he should not pay the claim of a petitioning creditor or legatee, but requiring the surrogate to dismiss the petition on the filing of an answer setting forth facts rendering the validity or legality of the claim doubtful, and denying the same, is intended to require the litigation of such issues before a court having general law or equity powers; and a dismissal without allowing a petitioner to reply is not error.

Appeal from surrogate's court, Ontario county.

Petition for citation of Stephen H. Hammond, as executor and testamentary trustee under the will of Aaman W. Langdon, to render an accounting and pay a legacy to the petitioner. The petition was dismissed, and petitioner appeals. Affirmed.

Argued before LEWIS, BRADLEY, WARD, and DAVY, JJ.

Fred L. Manning, for appellant.
Charles A. Hawley, for respondent.

DAVY, J.　In March, 1894, the appellant presented a petition to the surrogate of Ontario county praying that a citation issue to the respondent requiring him to account as executor and testamentary trustee and pay over to the petitioner a legacy of $8,000, with interest thereon from October 4, 1873.　Upon the return of the citation, the respondent filed an answer, alleging that the estate had been settled and distributed, and that the petitioner's claim had been paid.　The answer also states that the petitioner, in September, 1874, executed and delivered to the executor and trustee a writing, in which he acknowledged the receipt in full of all claims which he had against the estate of Aaman W. Langdon, deceased, and released and discharged the executor of said estate from all liability to the said petitioner, and that the petitioner had no interest in the estate, and he also denied the validity and legality of the petitioner's claim.　Upon the filing of the answer, the respondent's attorney moved to dismiss the proceedings, which motion was granted by the surrogate.

The learned counsel for the appellant contends that the petition ought not to have been dismissed, as no opportunity was given him to reply to the answer.　It is sufficient to say in regard to the appellant's contention that the surrogate in his opinion says that no formal reply was interposed by the petitioner to the answer.　But, in response to an inquiry, the petitioner's attorney said that the execution of the receipt would not probably be questioned.　In that view of the case, it seems to me that the dismissal was clearly right.　In re Pruyn, 141 N. Y. 544, 36 N. E. 595.　Under section 2722 of the Code of Civil Procedure, the surrogate was required, upon the presentation of the petition, to issue a citation, and, on the return thereof, to make such a decision in the premises as justice requires.　But he is required to dismiss the petition, without prejudice to an action or an accounting in behalf of the petitioner, where an executor or an administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or on information and belief.　In the face of this explicit provision of the statute, I am unable to see how the surrogate had any authority to hear and determine the issues raised by the answer.　The surrogate's court is one of limited jurisdiction, and it had no power to try and determine the questions whether the release had been obtained by fraud or given by mistake.　These disputed questions of fact could only be adjudicated in a court of equity or law, and not in the surrogate's court.　Bevan v. Cooper, 72 N. Y. 329.

Judge Gray had occasion, in Re Wagner's Estate, 119 N. Y. 36, 23 N. E. 200, to dicuss this question quite fully, and, in expressing the views of the court, he says:

"Where an application is made to the surrogate for an order compelling the executor or administrator to file an inventory or to render an account, and it appears, in answer to it, that the applicant can have no right to such an order, by reason of his interest having been satisfied and extinguished by a settlement and distribution, whether in or out of court, or barred by a

release or otherwise, and the factum of a settlement or of a release, or any act constituting the bar, is put in issue by the reply of the applicant, the surrogate should dismiss the petition, and remit the applicant to his proceeding in a court having general equity powers to try out such an issue."

The learned counsel for the appellant also contends that the legacy was in the hands of the respondent as a trustee, and not as executor, and that section 2722 of the Code does not apply to a testamentary trustee. The will is not printed in the appeal book. We are therefore compelled to ascertain its contents as well as we can from what appears in the proceedings before the surrogate. The petition alleges that Hammond has never rendered an account of his procedure as executor and testamentary trustee, and it asks that he be cited to show cause why he should not render an account and settle the same. If the duties of the respondent, as executor, were, first, to be discharged before he could assume the duties of trustee, then the legacy, if any, still remains in his hands as executor, because the petition states that no judicial settlement has ever been had by the executor. We cannot, from the language of the petition, assume that this is a case where the two functions of executor and trustee coexist and are inseparably blended together. We could only determine that question from the context of the will, which is not before us.

The order appealed from should be affirmed, with costs to be paid out of the estate. All concur.