In the Matter of the Petition of THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF WATERFORD, N. Y., for the Payment of the Legacy under the Will of CAROLINE S. KNICKERBOCKER, Deceased, and for an Accounting by the Executors of said Will.

MARTHA BELL SCOTT and EDGAR C. McKALLOR, Executors, etc., of CAROLINE S. KNICKERBOCKER, Deceased, Appellants; THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF WATERFORD, N. Y., Respondent.

*Surrogate — dismissal of an application by an alleged corporate legatee to require the executors to pay the legacy, where they deny the incorporation.*

A denial by executors of the incorporation of an alleged corporate legatee under their testator's will, requires the surrogate, under section 2722 of the Code of Civil Procedure, to dismiss the petition of such legatee asking that the executors account and pay over the legacy to it.

APPEAL by Martha Bell Scott and another, as executors, etc., of Caroline S. Knickerbocker, deceased, from an order of the Surrogate's Court of the county of Saratoga, entered in said Surrogate's Court on the 19th day of July, 1897, directing them to render an account of their proceedings as such executors.

The Young Men's Christian Association of Waterford, N. Y., by its

treasurer, presented its verified petition to the surrogate of Saratoga county, praying that the executors of the last will and testament of Caroline S. Knickerbocker, late of that county, deceased, render an account of their proceedings and pay the legacy of $1,000, which the petition set forth the said testatrix did give and bequeath to the petitioner by her said last will and testament; and that a citation issue, etc.; the petitition also stated that the will had been admitted to probate by the surrogate of said county and letters testamentary thereon duly issued to the said executors more than eighteen months before; that the executors had sufficient assets to pay the legacy, and had not paid it; that the petitioner was a domestic corporation created by and under the statutes of this State, and that its treasurer was duly authorized by the association, etc.

Upon the return of the citation the executors filed their verified answer therein, upon information and belief, (1) denying the incorporation of the petitioner; (2) alleging "that there is no such corporate body in existence as the Young Men's Christian Association of Waterford;" (3) "that there is no legatee in existence which can take the legacy bequeathed in said will to the Young Men's Christian Association of Waterford, N. Y., of $1,000, to be used as a building fund, and that said bequest, therefore, lapses for lack of a legatee to take thereunder;" (4) "that it is doubtful whether the petitioner's claim is valid and legal;" (5) denying "the validity and legality of petitioner's claim;" and demanding that the petition be dismissed under section 2722 of the Code of Civil Procedure, without prejudice to an action in behalf of the petitioner.

The surrogate thereupon made an order, which, after reciting the petition and answer, and that "said petitioner, thereupon having presented  *  *  *  a duly certified copy of its articles of association or incorporation," denied the motion of the executors to dismiss, and ordered the executors to account before him upon a day named.

The executors appeal.

*Edmund C. Knickerbocker*, for the appellants.

*Charles S. Lester*, for the respondent.

LANDON, J.:

We think that the petition should have been dismissed. Section 2722, Code of Civil Procedure, provides that "the decree must dis-

miss the petition without prejudice to an action or an accounting in behalf of the petitioner: 1. Where an executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or on information and belief."

The executors deny the incorporation of the petitioner and allege its non-incorporation, and, therefore, deny the validity of the petitioner's claim.

An unincorporated society or association cannot take an immediate gift under a will as legatee or devisee. ( *White* v. *Howard*, 46 N. Y. 144; *Williams* v. *Williams*, 8 id. 524; *Marx* v. *McGlynn*, 88 id. 375.) The validity of the claim was disputed, and the surrogate should have dismissed the proceeding. (*Matter of Callahan*, 152 N. Y. 320; *Fiester* v. *Shepard*, 92 id. 255; *Matter of Hammond*, 92 Hun, 478.) As the surrogate could not try the validity of the claim, he could not receive the articles of association in evidence.

The claimant insists that the facts set forth in the answer do not sufficiently show that it was doubtful whether the petitioner's claim was valid or legal. We think otherwise. The single fact in question is whether the petitioner was a corporation. The allegations of the answer distinctly present that issue.

The order appealed from is reversed, with ten dollars costs and disbursements, and an order must be entered dismissing the petition.

All concurred.

Order reversed, with ten dollars costs and disbursements, and an order must be entered dismissing the petition.