In re YOUNG MEN'S CHRISTIAN ASS'N OF WATERFORD.

(Supreme Court, Appellate Division, Third Department.    November 16, 1897.)

DECEDENTS' ESTATES—CLAIMS—PETITION—DISMISSAL.

Code Civ. Proc. § 2722, provides that the petition shall be dismissed, without prejudice to an action or an accounting, "where an executor or administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely, or on information and belief." In answer to a petition by an alleged corporation, praying that the executors of an estate render an account and pay a legacy to petitioner, the executors denied, under oath, upon information and belief, the incorporation of petitioner, and alleged its nonincorporation. *Held*, that the petition should be dismissed.

Appeal from order of surrogate, Saratoga county.

Petition by the Young Men's Christian Association of Waterford in the matter of the estate of Caroline S. Knickerbocker, deceased. From an order directing the executors to render an account of their proceedings, they appeal. Reversed.

The Young Men's Christian Association of Waterford, by its treasurer, presented its verified petition to the surrogate of Saratoga county, praying that the executors of the last will and testament of Caroline S. Knickerbocker, late of that county, deceased, render an account of their proceedings, and pay the legacy of $1,000 which the petition set forth the said testatrix did give and bequeath to the petitioner by her said last will and testament, and that a citation issue, etc.; that the will had been admitted to probate by the surrogate of said county, and letters testamentary thereon duly issued to the said executors, more than 18 months before; that the executors had sufficient assets to pay the legacy, and had not paid it; that the petitioner was a domestic corporation created by and under the statutes of this state; and that its treasurer was duly authorized by the association, etc. Upon the return of the citation, the executors filed their verified answer therein, upon information and belief, (1) denying the incorporation of the petitioner; (2) alleging "that there is no such corporate body in existence as the Young Men's Christian Association of Waterford"; (3) "that there is no legatee in existence which can take the legacy bequeathed in said will to the Young Men's Christian Association of Waterford, of $1,000, to be used as a building fund, and that the legacy therefore lapses, for lack of a legatee to take thereunder"; (4) "that it is doubtful whether the petitioner's claim is valid and legal"; (5) denying "the validity and legality of petitioner's claim," and demanding that the petition be dismissed, under section 2722 of the Code of Civil Procedure, without prejudice to an action in behalf of the petitioner. The surrogate thereupon made an order, which, after reciting the petition and answer. and that the petitioner had presented a duly-certified copy of its articles of association or incorporation, denied the motion of the executors to dismiss, and ordered the executors to account before him upon a day named.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

E. C. Knickerbocker, for appellant.
C. S. Lester, for respondent.

LANDON, J.    We think the petition should have been dismissed. Section 2722, Code Civ. Proc., provides that:

"The decree must dismiss the petition without prejudice to an action or an accounting, in behalf of the petitioner: (1) When an executor or administrator

files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely, or on information and belief."

The executors deny the incorporation of the petitioner, and allege its nonincorporation, and therefore deny the validity of the petitioner's claim. An unincorporated society or association cannot take an immediate gift under a will, as legatee or devisee. White v. Howard, 46 N. Y. 144; Williams v. Williams, 8 N. Y. 524; Marx v. McGlynn, 88 N. Y. 375. The validity of claim was disputed, and the surrogate should have dismissed the proceeding. In re Callahan's Estate, 152 N. Y. 320, 46 N. E. 486; Fiester v. Shepard, 92 N. Y. 255; In re Hammond, 92 Hun, 478, 36 N. Y. Supp. 1074. As the surrogate could not try the validity of the claim, he could not receive the articles of association in evidence. The claimant insists that the facts set forth in the answer do not sufficiently show that it was doubtful whether the petitioner's claim was valid or legal. We think otherwise. The single fact in question is whether the petitioner was a corporation. The allegations of the answer distinctly present that issue.

The order appealed from is reversed, with $10 costs and disbursements, and an order must be entered dismissing the petition. All concur.