In the Matter of the Estate of CAROLINE W. FRAME, Deceased.

Surrogate's Court, New York County, August 12, 1926.

Surrogate's Court — jurisdiction — surrogate has jurisdiction, under Surrogate's Court Act, § 20, subd. 6, and § 40, to inquire into validity of compromise agreement executed in contested probate proceedings — executors and administrators — application to set aside written agreement adjusting claims of parties in contested probate proceeding on ground of fraud and misrepresentation on part of executor — reference granted.

The Surrogate's Court has jurisdiction, under section 20, subdivision 6, and section 40 of the Surrogate's Court Act, to inquire into the validity of a compromise agreement executed upon the adjustment of claims of parties in a contested probate proceeding, and if said agreement is found to have been procured by fraud or misrepresentation, the court has power to relieve the aggrieved party; jurisdiction likewise exists in said court to set aside as invalid on proper proof general releases and the withdrawal of objections executed by the party claiming fraud.

Accordingly, on this application to set aside a written agreement, which adjusts the claims of parties in a contested probate proceeding, as well as a general release signed by petitioner upon the adjustment of the claims, and to have the withdrawal of objections and consent to probate declared to be without force and effect, the Surrogate's Court will appoint a referee to take evidence and report, in view of the allegations of misrepresentation and fraud on the part of the executor and his attorney in the execution of the various instruments.

APPLICATION to set aside written agreement which appears to be an adjustment of claims of parties in contested probate proceeding and an adjustment of certain claims that may arise in subsequent accounting proceedings.

*Esselstyn & Houghwout* for Montgomery Waddell.

*Wickes & Neilson* [*N. F. George* of counsel], for Dorothy Frame Sterling and another.

*Emmet, Marvin & Martin* [*Langdon P. Marvin* of counsel] for John Mason, Jr., and others.

*Smith, Townley & Chambers* for Central Union Trust Company of New York, as executor.

FOLEY, S. This is an application by the daughter of testatrix to set aside a formal written agreement, dated August 25, 1925,

MATTER OF FRAME.    789

Misc. 788]    Surrogate's Court, New York County, August, 1926.

executed by the parties interested in this estate in so far as it affects her interests. This agreement appears on the face to be an adjustment of all the claims of the parties in the contested probate proceeding raised by objections filed by the petitioner to the probate of her mother's will, and an adjustment of certain claims that might arise between the parties in subsequent accounting proceedings. The petitioner also applies to be relieved of a general release signed by her on the same date, August 25, 1925, in so far as it releases or purports to release the Central Union Trust Company of New York and Montgomery Waddell, the executors of this estate, Montgomery Waddell and Virgil H. Hewes, as executors of the estate of Frithiof H. Weaverson, also known as Fred Weaverson, the estate of Caroline W. Frame, deceased, the estate of said Fred Weaverson and Montgomery Waddell, individually. The petitioner also applies for a determination that the written withdrawal of objections and consent to the probate of her mother's will be declared of no binding force and effect upon her. This written withdrawal was the basis of an order made by me on August 26, 1925, authorizing the formal withdrawal of such objections and finally resulted in the decree admitting the will to probate made October 30, 1925.

The grounds upon which said relief is sought are that the written agreement of compromise, the general release and withdrawal of objections were obtained by fraud and misrepresentation on the part of Waddell and his attorney. It is claimed also that these instruments were made without consideration. It is contended by the petitioner that the estate of the decedent greatly exceeded the amount represented prior to the time of the compromise. The schedule of assets annexed to the settlement agreement showed a gross estate of approximately $500,000. It is further alleged that Waddell and Weaverson conspired together and by undue influence obtained the transfers of valuable property for their benefit from the decedent during her lifetime, and that the value of the residuary estate, instead of being $250,000, as represented prior to the settlement by Waddell and his attorney, actually aggregated the sum of $1,500,000.

These allegations of the petitioner are vigorously denied in the answer of the respondents, Waddell, the Central Union Trust Company and other parties. It is claimed that a full disclosure of the condition of the estate was made to the petitioner and her attorney prior to the settlement; that there was no misunderstanding on her part of the terms and effect of the instruments signed by her; that the alleged transfers by the decedent to Waddell and Weaverson were considered as one of the elements of the settlement and a release thereof was specifically included in the agreement of

settlement. Moreover, it is asserted that the correspondence of the attorney for the petitioner and his argument in certain legal proceedings in this court prior to the making of the agreement of settlement disclose the same contentions now asserted by him as a basis of fraud and invalidity. It is also alleged in the answer that there was adequate consideration for the making of the settlement and that such consideration benefited the petitioner, her brother and their children over and above the benefits which they would have derived if the will had been admitted without the compromise.

A preliminary question as to the jurisdiction of the surrogate to set aside the compromise agreement and the general release on the grounds set forth in the petition has been raised by the respondents. On this issue I hold the Surrogate's Court has ample statutory jurisdiction to inquire into the validity of the compromise agreement and if found to have been procured by fraud, to relieve the petitioner from its terms and effect. It is clear also that jurisdiction likewise exists to set aside as invalid, upon proper proof, the general release and withdrawal of objections executed by the petitioner. (*Matter of Malcomson*, 188 App. Div. 600; Surrogate's Court Act, § 20, subd. 6; Id. § 40, as amd. by Laws of 1924, chap. 100.) Mr. Justice DOWLING in his opinion in the *Malcomson* case pointed out the plenary powers conferred upon this court by section 2510 of the Code of Civil Procedure, now section 40 of the Surrogate's Court Act. He stressed the incongruous and dilatory procedure which would result if beneficiaries of estates were compelled to resort to the Supreme Court by independent action to cancel a release or an agreement made by them in the settlement of rights in an estate administered under the supervision of the Surrogate's Court and involving a " question directly affecting the subject-matter then pending before the surrogate."

In view of the allegations of misrepresentation and fraud on the part of Waddell and his attorney and the issues of fact which have been raised by the denials in the answer in this proceeding, I have determined to appoint a referee to take evidence and promptly report with his opinion as to the validity of the compromise agreement dated August 25, 1925, the validity of the general release, dated August 25, 1925, and the validity of the instrument withdrawing objections and consenting to probate. That procedure has been repeatedly approved by the Appellate Divisions of the various departments in recent cases. (*Matter of Malcomson*, 188 App. Div. 600, 605; *Matter of Waters*, 183 id. 840, 855; *Matter of Mendlow*, 179 id. 881; *Matter of Fox*, 166 id. 718, 721; *Matter of Baltes*, 51 id. 491; *Hollenbach* v. *Born*, 238 N. Y. 34; Surrogate's Court Act, § 66.)

MATTER OF MARSON. **791**

Misc. 791]     Surrogate's Court, New York County, August, 1926.

The careful consideration of the comprehensive and learned opinion of Mr. Justice DOWLING in *Matter of Waters (supra)*, where a very similar situation existed, may be of guidance to the referee and to the parties as to the degree of proof required to set aside a formal compromise agreement or general release and may aid in the trial of the issues which will be submitted to the referee. (See, also, *Minehan* v. *Hill*, 144 App. Div. 854; *Pragi* v. *Lehigh Coal & Nav. Co.*, 176 id. 265; *Monroe* v. *Turner*, 114 id. 634, 640; *Matter of Pruyn*, 141 N. Y. 544; *Matter of Wagner*, 119 id. 28; *Leach* v. *Fobes*, 11 Gray, 506; *Matter of Tyrrell*, 115 Misc. 714; affd., 198 App. Div. 1001.)

Submit order on notice appointing a referee accordingly.