In the Matter of the Probate of the Will of MARY L. TELLER, Deceased.

Surrogate's Court, Cayuga County, December 16, 1949.

*Joseph W. Ferris* and *Wilfred E. Hoffman* for Gordon B. Van Buren, contestant.

*Charles A. Cusick* and *Richard C. S. Drummond* for E. Walker Leonard, as executor of Mary L. Teller, deceased.

SEARING, S. This proceeding concerns the last will and testament, the decree of probate and the estate of Mary L. Teller, deceased, late of the city of Auburn, county of Cayuga and State of New York.

The deceased died July 26, 1948.

She was the maiden sister of Hon. JOHN D. TELLER, deceased, former Surrogate of Cayuga County.

She left a last will and testament dated November 13, 1941, and a codicil thereto dated February 3, 1942.

Both instruments were admitted to probate September 20, 1948, as her last will and testament.

The petition commencing this proceeding was filed in Cayuga County Surrogate's Court May 27, 1949.

E. Walker Leonard the executor named in the will and to whom letters testamentary were issued, died October 13, 1949, and on October 18, 1949, The National Bank of Auburn was appointed successor executor.

The proceeding was commenced on the petition of one Gordon Barent Van Buren, a second cousin of Mary L. Teller and her only intestate distributee, praying that the decree admitting to probate, the last will and testament and codicil of deceased, be opened and that he be permitted to file objections and contest probate of such testamentary instruments claiming that the decree of probate was entered upon a waiver of citation executed and delivered by him, which was obtained through fraud.

After filing this petition the executor made a motion on notice that the petition with the accompanying affidavits be dismissed because it was insufficient on its face, did not show facts that would indicate any probability that the will would be refused probate if an opportunity were afforded to contest the same.

This latter motion, now before the Surrogate is in the nature of a demurrer, that is, assuming everything alleged in the petition and supporting affidavits be true, is the petitioner entitled to the relief sought and the court must be guided solely by the contents of such pleading.

The first question which the Surrogate is to consider is whether any undue advantage was taken of the petitioner at the time the waiver was under contemplation, executed, delivered and released for use upon the probate, or whether any fraud was perpetrated upon him to obtain such waiver.

It appears that prior to probate, there was an interchange of correspondence between the attorney for the executor and the petitioner and one long-distance telephone conversation. The correspondence is given verbatim in the petition and attached exhibits. The examination of these shows that the attorney for the executor was solicitous in endeavoring not to take advantage of the petitioner in obtaining the waiver and the release of the restrictions which the petitioner sensibly made.

The only question in that transaction seems to be that petitioner claims he was lead to believe that the value of the estate was small, while he, upon his own reading of a copy of the will furnished him by the executor's attorney before probate, wherein some $110,000 of general legacies and much of residue were listed, should have realized that the estate was of considerable size and was therefore not deceived in thinking it was small.

One of the essential elements of fraud is damage to the injured party. In this case, it is contended that petitioner was damaged by way of not having the opportunity to contest the will. This measure of damage is empty unless he can show that he would have a fair chance of breaking the will and obtaining the estate as sole distributee. The real damage that he would suffer would be the loss of the estate.

It further appears from this correspondence between him and the attorney for the executor that he did not wish to contest a will legally made.

Be that as it may, the entertaining of an application to open a solemn decree of probate of a will eight months after its entry, when rights of parties thereunder have become vested, administration well along and payment of legacies due to be made should not be entertained unless gross injustice has been done to parties otherwise interested, or there has been a fraud

on the court. As to the latter, there has been none; the probate was perfectly regular. As to the former, the only party aggrieved is the petitioner. His sole purpose on the face of the pleadings is to contest the will. The vital consideration to be given to such a purpose is whether the petitioner has such evidence available that would in the first instance show that the will was not legal, either in conception or execution. Such evidence must be particularly declared and set forth in the application so that the court may be sure that the petitioner has a fair chance of ultimate success before the court will yield to the setting aside its decree.

This the petitioner has failed to do.

His own allegations in his petition are only hearsay and his supporting affidavits in this regard fail to show the testatrix, particularily at the times when the will and codicil were under preparation or at execution, was so dominated by others that her free choice was not reflected in her testamentary instruments.

As to mental capacity, the supporting affidavits are frivolous; they show only eccentricities and not incompetence and should be disregarded to that extent.

Such applications based on such meager grounds disrupt the orderly process of the administration of estates and if they were to prevail would surround decrees and judgments with continual uncertainty. They are frowned upon by the courts. (See *Matter of Pierson*, 144 Misc. 851.)

Quote Surrogate WHEELER, (*Matter of Pierson, supra,* p. 854): " It is imperative, if confusion and needless litigation is to be avoided, that finality should characterize decrees of probate, and that they should not be set aside where parties have been duly cited, or have voluntarily filed waivers and consents, except in extraordinary cases, and where errors are plain, palpable and beyond any question."

" As to our power to do so we have no doubt, but it is a power to be exercised sparingly and with discretion. It is not open to any one, merely by asserting a nebulous claim to an estate, to ask that a solemn decree * * * be vacated * * *. He must *first* show * * * that his claim is well founded ". (*Matter of Leslie*, 175 App. Div. 108, 112.) (Italics supplied.)

The rule in such cases is laid down by Surrogate FOLEY in *Matter of Martin* (58 N. Y. S. 2d 567, 569): " There must be shown (1) fraud, misrepresentation, coercion or other ground tending to destroy the validity of the waiver or the decree;

(2) facts sufficient to afford a substantial basis for the contest and reasonable probability of success.''

This rule seems to be well established in numerous decisions.

In the instant proceeding, the petition and affidavits on their face show scant basis for the charge of fraud. But the weak spot in the whole application is the total lack of facts which would predicate any probability of success in breaking the will.

The papers submitted in this application are insufficient on their face to support the relief sought by the petition.

So for that reason, the motion of the executor to dismiss the petition is granted and the petition is so dismissed. The administration of the estate of MARY L. TELLER may proceed in due course under the decree of probate.

Order to be entered accordingly.