Order reversed on the law with $10 costs and disbursements and motion denied, with $10 costs, with leave to the respondent to answer within twenty days after service of a copy of the order herein with notice of entry thereof, upon payment of the costs of the motion and of this appeal. Memorandum: For the purposes of the motion to dismiss the petition as insufficient, the allegations of fact contained therein are deemed to be true. Viewed in that light, the petition alleges facts sufficient to invoke the power of the Surrogate’s Court under subdivision 6 of section 20 of the the Surrogate’s Court Act. We believe the petitioner is not required to allege facts sufficient to afford a reasonable probability of success in the prospective will contest. (See Matter of Westberg, 254 App. Div. 320, appeal dismissed 279 N. Y. 316; Matter of Dittmar, 154 Misc. 28, and 1 Jessup-Redfield on Surrogates Law and Practice, § 168.) Cases cited by the respondent in support of a contrary view are not persuasive because- the decisions are based upon grounds other than fraud. If the allegations of the petition are true, the petitioner has been wrongfully deprived of a valuable legal right, viz: the right to examine *938 the witnesses to the will and to file objections to probate. Equitable rescission, unlike an action for damages on account of fraud, is not to compensate for the wrong, but to undo the wrong and put the parties in status quo. (See Downey v. Mallinson, 232 App. Div. 703.) Here, the validity of the will is not yet in issue. There should first be a trial of the issues raised by the petition and answer. (See Matter of Frame, 128 Misc. 788, and Matter of Cook, 244 N. Y. 63, 72.) All concur. (The order appealed from grants a dismissal of an application to set aside the probate of a will.) Present — Taylor, P. J., Me-Cum, Love, Kimball and Piper, JJ. [196 Misc. 933.] [See post, pp. 1016, 1160.]