In the Matter of the Estate of JAMES E. ALBRIGHT, Deceased. WILLIAM W. ALBRIGHT, as Executor of JAMES E. ALBRIGHT, Deceased, Respondent; EDITH E. FALVEY [ALBRIGHT], Appellant.

Argued May 31, 1955; decided July 8, 1955.

*George Kent Weldon* for appellant. A separate trial of one issue should be denied where, as here, it involves the merits of the case and will result in trying the main issue twice. (*Fonville* v. *Irving Poultry Co.,* 243 App. Div. 528; *House* v. *Scheffler,* 261 App. Div. 1088; *McGurty* v. *Delaware, Lackawanna and Western R. R. Co.,* 172 App. Div. 46; *Smith* v. *Western*

*Pacific Ry. Co.*, 144 App. Div. 180, 203 N. Y. 499; *Commercial Trust Co. of N. Y.* v. *Columbia Trust Co.*, 183 App. Div. 106; *Matter of Cook*, 244 N. Y. 63; *Matter of Trowbridge*, 266 N. Y. 283; *Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81.)

*Edward W. Stitt, Jr., Charles F. Krause, Jr.*, and *J. Paul Gerardi* for respondent. I. The Surrogate was correct in ordering a separate trial of the issue respecting the validity and effect of the settlement agreement. (*Matter of Cook*, 244 N. Y. 63; *Matter of Teller*, 196 Misc. 933, 277 App. Div. 937; *Matter of Frame*, 128 Misc. 788, 234 App. Div. 748; *Matter of Trowbridge*, 266 N. Y. 283; *Warner* v. *Star Co.*, 162 App. Div. 458.) II. Whether or not appellant was decedent's common-law wife, her rights are fully protected by the Surrogate's order for a separate trial of the issue respecting the validity of the settlement agreement. (*O'Brien* v. *Lodi*, 246 N. Y. 46; *Farrington* v. *Harlem Sav. Bank*, 280 N. Y. 1; *Yehle* v. *New York Central R. R. Co.*, 267 App. Div. 301, 295 N. Y. 874; *Werden* v. *Werden*, 255 App. Div. 795; *Matter of White*, 182 Misc. 223, 268 App. Div. 759, 293 N. Y. 767; *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435.) III. Since the Surrogate's exercise of discretion was not arbitrary or an abuse of discretion, the certified question should be answered in the affirmative. His order was proper. (*Spencer* v. *Hunt*, 247 App. Div. 503; *Matter of Lauer* v. *Board of Elections of City of N. Y.*, 262 N. Y. 416; *New York Post Corp.* v. *Kelley*, 296 N. Y. 178.)

VAN VOORHIS, J. Appellant, claiming to be decedent's common-law widow, filed a notice of election to take her intestate share pursuant to section 18 of the Decedent Estate Law. Subsequently she entered into a settlement agreement with the executor whereby she was to receive approximately $15,000, in consideration of which she promised to withdraw her notice of election and to give quitclaim deeds to nine parcels of real estate owned by decedent. After delivering one deed, she refused to execute or to deliver the remaining eight. The executor then moved for an order by the Surrogate compelling her to execute and deliver these remaining deeds. In her opposing affidavit, appellant asked to be relieved of the settlement agreement, upon the ground that it was improvident and unconscionable in that she contends that the executor did not reveal the true value of

the estate which, she asserts, exceeds $200,000. The Surrogate denied her cross application to be relieved of the settlement, and granted the executor's motion for an order to compel her to execute the deeds. On appeal, the Appellate Division reversed and remitted the matter to the Surrogate's Court for a determination after a hearing concerning the validity and effect of the settlement agreement. In a memorandum decision, the Appellate Division said: " The Surrogate's Court has plenary jurisdiction to make a full, equitable and complete disposition of all the issues presented in that proceeding, including the question of whether the settlement was binding and effective."

The executor moved in Surrogate's Court under section 443 of the Civil Practice Act for a separate, preliminary trial of the issue concerning whether the settlement agreement should be vacated. In granting this motion, the Surrogate said: " The cross-relief asked for, viz., a trial of all the issues, is denied at this time, in the exercise of discretion, since the trial of the above-stated issue, if adverse to the respondent [appellant here] will end the litigation and render a trial on the merits of the other issue unnecessary." That determination was affirmed by the Appellate Division and the order of affirmance is the subject of this appeal. Two of the Justices at the Appellate Division dissented upon the ground that the validity of the agreement should not be tried separately for the reason that, in their view, whether she is the widow of decedent would be an important factor in deciding whether the settlement agreement is unconscionable.

No rule of law or vested right of appellant was violated by the exercise of discretion which was made by the Surrogate's order, affirmed by the Appellate Division, directing that the validity of the settlement agreement should be tried separately in advance of a trial of whether she was decedent's common-law wife. In asking for the vacation of the settlement agreement, she stated by affidavit that " I was unaware of the full extent of my husband's property, which I now believe to be in excess of $216,586.71, the valuation given to the gross estate in the New York State Transfer Tax proceeding as my present attorney advises me * * * which will indicate to this court that the consideration for my release was so inadequate as to be unconscionable."

Nowhere in appellant's affidavit is it stated that the amount of the estate was misrepresented to her in the negotiations leading to the settlement agreement. Of course, an executor or administrator stands in fiduciary relationship to the beneficiaries of the estate of which he is the personal representative, and it is his duty to make full and accurate disclosure to his *cestuis que trustent* of relevant facts and figures concerning the administration of the trust. There may have been an obligation of respondent as executor of his deceased brother's estate, and the main beneficiary, to disclose to appellant the material facts concerning the estate before this settlement agreement was entered into unless she knew them already. At least, there was such an obligation if she was in reality decedent's widow. In either event, that is the most that the executor was required to do. That obligation respondent contends was fulfilled. He avers that appellant's then attorney knew the approximate amount of the decedent's estate. In fact, it is contended that the estate turned out to be worth something less than the amount which her attorney was told.

Concerning the amount of the estate, it is true that respondent executor stood in a dominant position regarding appellant. His facilities for understanding its value were presumably greater than hers, although she appears to have worked for decedent and may have been familiar with the eight parcels of real estate and their value which she was to deed to respondent under the settlement agreement. The executor was in an inferior position to appellant in not having at his command sources of information available to her regarding whether or not she was the common law wife of decedent. She knew what the facts were on that subject better than anyone else could have known them except the man whom she claims to have been her husband.

Although the validity of her legal status as widow necessarily bulked large in offering or consenting to any settlement which was or might have been made of her claim to take against the will under section 18 of the Decedent Estate Law, as the dissenting Justices at the Appellate Division said, nevertheless that does not preclude a separate trial of the preliminary issue of whether the settlement agreement should be vacated. That issue depends at the very most which she can claim, upon whether there was full and fair disclosure to appellant of the facts concerning the

amount of the estate at the time when she signed the settlement agreement.  At that time it had not been established (and has not yet) whether she was legally his widow.  The negotiations necessarily were affected by the probability or lack of it that she would be held to have been decedent's common-law wife by the Surrogate after trial.  That was a factor concerning which both executor and appellant had to make up their own minds, with independent legal advice, and about which they could deal and must have dealt at arm's length.  The executor had no fiduciary duty, as has been previously stated, to advise claimant concerning whether she was legally the wife of his testator.  She had to make up her own mind upon that issue.  It was enough for him to keep track of the estate.

Therefore, whether or not the settlement agreement is to be set aside will depend, at most, upon whether the executor faithfully informed appellant concerning the facts regarding the estate at the time when the agreement was made.  It will not depend upon what ultimately proves to have been her status as widow.  Upon the trial of the preliminary issue, the Surrogate cannot make a settlement for the parties, nor determine whether they should have made this settlement, depending upon how he, the Surrogate, would have appraised the probability or improbability that the common-law wife question would be decided one way or the other.  Whether the settlement agreement was " reasonable ", " oppressive ", " unconscionable " depends not upon whether it was the amount which the Surrogate might think that she ought to have been paid or to have accepted in settlement gauged by that variable factor.  It will be set aside or not depending upon whether she was informed concerning the estate.

For these reasons, we think that the Surrogate and the majority at the Appellate Division did not exceed their powers in holding that whether the settlement agreement should be set aside is an issue that should be tried first.  It does not involve an adjudication of her status as widow.  If appellant is defeated upon that preliminary trial, the main trial will be unnecessary; she will be obliged (in the absence of some factual situation which is not disclosed by this record) to execute and deliver the deeds to the eight parcels of real property as she agreed to do in the settlement agreement.  If she succeeds upon the preliminary

trial, it will then be necessary to proceed to a trial at which her status will be adjudicated as decedent's lawful widow entitled to her intestate share in the estate, or as a mere intruder entitled to nothing.

There is ample precedent for conducting a preliminary trial upon the validity of a release or settlement agreement (*Matter of Cook,* 244 N. Y. 63; *Matter of Frame,* 128 Misc. 788, FOLEY, S.; see, also, *Matter of Frame,* 234 App. Div. 748, affg. the final decree; *Warner* v. *Star Co.,* 162 App. Div. 458, 461–462).

The order appealed from should be affirmed, without costs, and the question certified answered in the affirmative.

CONWAY, Ch. J., DESMOND, DYE, FULD, FROESSEL and BURKE, JJ., concur.

Order affirmed, etc.