■ In the Matter of the Estate of HELMUT ROSENHAIN, Deceased. GABRIELE HAMMERSTEIN, Appellant; IRENE TANNEN et al., as Executrices of FREDERICK M. ALBERTI, Deceased, Respondents; LEE R. PEARLMAN, Intervenor-Respondent.—Casey, J. Appeal from an order of the Surrogate's Court of Delaware County (Estes, S.), entered February 1, 1988, which, *inter alia,* denied petitioner's motion to vacate a decree of judicial settlement on the grounds of fraud, misrepresentation and bias.

Upon his death in 1984, decedent, a resident of Israel, was possessed of a valuable parcel of real property in the Town of Middletown, Delaware County. Decedent's sister, who is petitioner herein, was his sole testamentary beneficiary and Frederick Alberti, an attorney, was the named executor. After several months, petitioner, acting *pro se,* petitioned for removal of Alberti as executor, alleging incompetence, negligence and undue delays, and for appointment of herself as successor executrix. By cross petition, Alberti requested permission to resign as executor due to petitioner's lack of cooperation, and for leave to file an accounting and for a court determination of his fees. After numerous hearings held intermittently from May until October 1986, petitioner and Alberti entered into a stipulation, the terms of which were set forth on the record in open court. The stipulation was expressly conditioned upon the issuance of a decree naming petitioner as successor executrix and provided that petitioner would withdraw her petition for removal of Alberti and any objections to his resignation petition, and that Alberti would terminate his duties as executor and be paid $32,250 in full satisfaction of his services. The stipulation further provided for the exchange of general releases releasing "any and all claims" against one another "whether they arise out of [decedent's estate] or otherwise". While the stipulation was being recited on the record, petitioner's then attorney, Lee R. Pearlman, intervenor herein, asked petitioner specifically if she understood that she was withdrawing her claims against Alberti and if she was doing so freely and voluntarily. She replied that she understood the effect of the withdrawal and that she

had her "arm twisted a little by" Pearlman but "I'm with you now". In response to the question, "[Are you] making this decision freely and of your own will?", petitioner replied, "Absolutely." On January 26, 1987 a decree of judicial settlement was entered in accordance with the stipulation.

Shortly after the entry of the decree, petitioner appealed to this court to have it set aside, as the product of misrepresentations and undue influence by Pearlman. This court dismissed that appeal, noting that relief from the consequences of petitioner's stipulation could not be obtained by direct appeal (*Matter of Rosenhain*, 139 AD2d 869). Six months later petitioner moved in Surrogate's Court to set aside the stipulation and to vacate the resulting decree on the ground she had been induced to enter into the agreement through the misrepresentations, coercion and use of physical force by Pearlman. Additionally, she contended that the remarks of the Surrogate in the removal proceeding suggested undue favoritism. In view of petitioner's allegations, Pearlman was granted permission to intervene and oppose petitioner's claims. Surrogate's Court, however, did not address the merits of petitioner's claim, but instead denied her motion because the stipulation had been fully performed and concluded by a decree, which in the court's view required a plenary action by petitioner to attack the stipulation, making petitioner's motion inappropriate. Petitioner now appeals. During the pendency of the appeal, Alberti died and Irene Tannen and Juliette Skyers, the executrices of his estate, were substituted.

In our view, Surrogate's Court improperly denied petitioner's motion. SCPA article 2 prescribes the expanse of the jurisdiction of Surrogate's Court. SCPA 201 (3) specifically provides that: "The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." SCPA 203 provides that jurisdiction is exercised by the commencement of a proceeding in the court and that "[a]ll proceedings are special proceedings and are commenced by filing a petition".

Although petitioner's papers are labeled as a notice of

motion and affidavit in support of the motion, those papers are, in our view, indistinguishable from a notice of petition and petition and were, therefore, sufficient to commence a special proceeding when filed. Thus, the question of whether the relief sought by petitioner in her papers could be obtained by way of motion or had to be obtained in a separate proceeding (see, Teitelbaum Holdings v Gold, 48 NY2d 51, 55-56) is irrelevant. As to the question of personal jurisdiction, we note that Alberti and Pearlman appeared in opposition to petitioner's application (see, SCPA 203). Any defect or irregularity arising out of petitioner's description of her application as a motion should be ignored (SCPA 102; CPLR 2001). Having jurisdiction over the parties, Surrogate's Court also has jurisdiction "to inquire into the validity of the compromise agreement and if found to have been procured by fraud, to relieve the petitioner from its terms and effect" (Matter of Frame, 128 Misc 788, 790, affd 234 App Div 748). It follows that the court is required to determine the issues raised in petitioner's application in an appropriate manner (see, Matter of Krulish, 130 AD2d 959).

The order appealed from must, therefore, be reversed and the matter remitted for determination on the merits. We express no view as to petitioner's entitlement to relief on the merits.

Order reversed, on the law, with costs, and matter remitted to the Surrogate's Court of Delaware County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.