Dye, J.
Bertha B. Warren, a resident of G-loversville, New York, died May 14,1959, leaving a last will and testament dated June 25, 1951 and a codicil thereto dated April 27, 1955. Both instruments were admitted to probate August 3,1959. Harry T. Gill, a lifelong friend and business adviser to her husband in his lifetime and thereafter to her, was named as executor and appointed as such.
In this proceeding finally and judicially settling his accounts, the executor has asked that the will be construed with particular reference to the purpose and intent of the testatrix in providing for distribution of the residue of her estate, as expressed in article Third of the will.
“ Third. All the rest, residue and remainder of my property and effects, whether real, personal or mixed, wheresoever situated, whereof I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be interested at the time of my death, I hereby give, devise and bequeath to and as the absolute property of my friend, Harry T. Gill, of Gloversville, N. Y. whose personal receipt therefor shall be deemed and accepted as sufficient for the discharge of all interests passing hereunder.
“ The property last herein referred to is to be received, held, and distributed in accordance with a letter of instructions accompanying this will, together with possible alterations thereof subsequently to be made either in writing or orally, and in carrying out my wishes in such distribution of my estate I hereby delegate all necessary powers both discretionary and otherwise, to said Harry T. Gill, in whom I hereby place this confidence. ’ ’ (Italics supplied.)
The letter referred to in the will was addressed to Gill, was written in the testatrix’ hand and dated April 26, 1955. Another memorandum subsequently made had some notations made by Gill according to alleged oral instructions. The letter and notation directed Gill to distribute about 10% of the total estate of about $35,000 to certain named parties.
*467 In Ms petition for settlement of Ms accounts, Gill, as executor, prayed, for the approval thereof and authority to make distribution in the specific amounts to the persons named in the letter and notations and asked that the balance be transferred to himself as the residuary legatee, subject to the rights of the Trust Company of Fulton County, as assignee. Objections were filed by the only heirs at law and next of kin residing in Ireland who claimed the residue after payment of debts and administration expenses as in intestacy.
The learned Surrogate (Smith, S.), after observing that the first paragraph of article Third made an absolute gift of the residue to Gill, disposed of the attempted modification of the gift in “ accordance with a letter of instructions ” by observing that everyone conceded that such letter and alleged oral instructions were not part of the will and were, at best, merely precatory and also rejected the contention that such limitation amounted to the creation of a trust, for to do so would result in an intestacy. In his view, such a result would be contrary to the testatrix’ strongly expressed intention not to die intestate. The Surrogate further noted that it was unnecessary to find that a trust for the benefit of the named beneficiaries was intended, since the executor had indicated an intention to follow the directions in any event. A decree was made holding that under the first paragraph the balance passed as “ the absolute property” to Gill.
Upon appeal, the Appellate Division reversed and directed distribution of the residue as in intestacy, for the reason that by article Third the testatrix intended to create a trust for the benefit of the persons and in the amounts designated but, since such directions were not made with the solemnity required of a testamentary disposition (Decedent Estate Law, § 21), the trust failed for lack of lawfully designated beneficiaries and, as such, the property attempted to be distributed thereby was undisposed of, as in an intestacy.
The first paragraph of article TMrd, in language of special clarity and meaning, gives the residue of ‘ ‘ All * * * of my property * * * as the absolute property of my friend, Harry T. Gill ”. By the second paragraph, the testatrix provided that ‘ ‘ The property last herein referred to is to be received, held and distributed in accordance with a letter of instructions accompanying this will, together with possible *468 alterations thereof subsequently to be made either in writing or orally ”, and to carry out her “ wishes ” she delegated to Gill all necessary powers, both discretionary and otherwise.
The letter referred to was written nearly four years later; after mentioning that Gill had ‘ ‘ power to ’ ’ pay 11 funeral expenses and masses ” the testatrix stated: “ I would like the following friends remembered ’ ’, designating them by name and mentioning an amount. The Surrogate regarded such language as precatory and not capable of destroying the clear wording and absolute gift. He was well familiar with the long-followed rule that an interpretation that produces intestacy as to any part of an estate is to be avoided (Meeks v. Meeks, 161 N. Y. 66). The making of the will in statutory formality raises a very strong presumption against leaving property undisposed of by will (Hadcox v. Cody, 213 N. Y. 570 ;.Schult v. Moll, 132 N. Y. 122). It has long been the rule that an absolute interest given by a will may not be cut down by words of an advisory nature (Tillman v. Ogren, 227 N. Y. 495). There is nothing imperative about a phrase “ my wishes ” or “ I would like ”. In construing a will, a trust will not be imposed to nullify previous expressions of the will and create a repugnancy between its different parts (Clay v. Wood, 153 N. Y. 134). When the words of a will in the first instance clearly indicate an intention to make an absolute gift of property to a donee ‘ ‘ it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent. ’ ’ (Clarke v. Leupp, 88 N. Y. 228, 231); where language of absolute gift is employed the courts favor giving it effect (Matter of Hayes, 263 N. Y. 219; Clarke v. Leupp, supra).
From a reading of the controverted clause of the will in light of all the surrounding circumstances, including the oral and written instructions to Gill who had looked after her during her illness and old age and bearing in mind her confidence in him, which does not appear to have been misplaced, it is clear that the testatrix’ primary intention and concern—which she clearly expressed in the first paragraph thereof—was to make an absolute gift to him of all her property. It would be a strained interpretation to construe the language of the succeeding paragraph as mandating the creation of an ineffectual trust for the purpose of permitting distribution of her estate as in intestacy.
*469 The order appealed from should he reversed, with costs to all parties appearing separately and filing briefs payable out of the estate, and the matter remitted to the Surrogate’s Court of Fulton County for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Order of Appellate Division reversed, with costs in this court and in the Appellate Division to all parties appearing separately and filing separate briefs payable out of the estate, and matter remitted to the Surrogate’s Court for further proceedings not inconsistent with the opinion herein.