■ In the Matter of the Estate of IDA C. WILSON, Deceased. ALBERT B. WILSON, as Executor of IDA C. WILSON, Deceased, et al., Respondents; DEBORAH JO KELSEY, an Infant, by LAVERNE M. BRISTER, Her Guardian ad Litem, Appellant.—Appeal from an order of the Surrogate's Court of Tioga County, entered January 31, 1977, which, among other things, directed that certain real property devised by decedent be sold at public auction and that the proceeds thereof be placed in a savings account in trust for the infant appellant. The decedent, Ida C. Wilson, died on February 27, 1974 owning a cottage and land in rural Tioga County. This appeal involves the interpretation of two paragraphs of her will, dated May 21, 1973. Paragraph Second provides: "I give and devise to Deborah Jo Kelsey, daughter of Ronald Kelsey, cottage, including the contents thereof, now standing on the west side of my land and the land adjoining the same, running as far east as a row of cherry trees now standing on said property, together with a strip of land 75 feet wide adjoining the lands of Strong between said cottage lot and Powers road, to be hers absolutely". Paragraph Sixth, insofar as is relevant herein, provides: "All the rest, residue and remainder of my estate, both real and personal of whatsoever name or nature, I give, devise and bequeath to Deborah Jo Kelsey, Sharon L. Palmer and Joyce H. Oltz in equal shares. In the event that Deborah Jo Kelsey shall not have retained [sic] the age of twenty-one years at the time of my death, then I give her interest in my estate to Albert B. Wilson, in trust nevertheless, to hold, manage, invest and reinvest the same for the benefit of Deborah Jo Kelsey". Mr. Wilson, the decedent's husband, the respondent herein, was also named executor. In June, 1975 the respondent petitioned the Surrogate's Court of Tioga County, pursuant to SCPA article 19, for an order directing the sale of the cottage property with the proceeds to be held in trust for Deborah Jo Kelsey, the

appellant herein, in purported compliance with paragraph Sixth of the will. On or about August 1, 1975 the appellant cross petitioned the court for various relief including a construction of the will which would exclude the subject real property from the provisions of the testamentary trust. After a hearing, the Surrogate's Court ruled that the cottage real property was subject to the trust provision of paragraph Sixth and that it would be in appellant's best interests if the real property were sold for at least $5,500 at a public auction. The Surrogate also found that appellant's best interests would be served by the termination of the testamentary trust and by deposit of the proceeds of the sale in a savings account in the names of appellant's parents in trust for appellant. This appeal ensued from the decision and order implementing these findings. The determination of the Surrogate that the devise of real property to appellant in paragraph Second of the decedent's will was subject to the trust provision of paragraph Sixth is apparently based upon the respondent's argument that because the subject of the trust received by appellant was "her interest in my estate", not *her interest in my residuary estate,* the decedent must have intended that all the property bequeathed to appellant was included in the trust. We disagree. Paragraph Second of the decedent's will is an absolute gift of the cottage real property to the appellant. The intention of the decedent as to which property was to be subject to the trust provision in paragraph Sixth is not clear. It is well established that "When the words of a will in the first instance clearly indicate an intention to make an absolute gift of property to a donee 'it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent' *(Clarke v. Leupp,* 88 N. Y. 228, 231); where language of absolute gift is employed the courts favor giving it effect *(Matter of Hayes,* 263 N. Y. 219; *Clarke v. Leupp, supra)" (Matter of Warren,* 11 NY2d 463, 468; see, also, *Matter of Getman,* 30 AD2d 257). The decision of the Surrogate is contrary to this rule of construction and must be reversed. We find it to be unnecessary to decide the other issues raised by the parties in view of the instant determination. Order reversed, on the law and the facts, with costs to the parties filing briefs payable out of the estate, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Staley, Jr., Larkin and Herlihy, JJ., concur.