■ In the Matter of the Estate of WILLIAM J. FOLEY, Deceased. FLORENCE MESSINA et al., Respondents; HERBERT P. SEGARRA, as Executor of WILLIAM J. FOLEY, Deceased, Appellant. [605 NYS2d 127] —Crew III, J. Appeal from an order and judgment of the Surrogate's Court of Albany County (Marinelli, S.), entered March 18, 1992, which, *inter alia,* granted petitioners' application to execute against assets of the estate of William J. Foley.

Decedent died a resident of Albany County on July 2, 1988. Respondent thereafter filed a petition for probate of decedent's will, and petitioners Florence Messina and John McNiece, a niece and nephew of decedent, filed objections. Ultimately, a stipulation of settlement was entered into in open court whereby Messina and McNiece agreed to withdraw their objections to probate in exchange for respondent's agreement to pay them $125,000 and, further, to pay their law firm, petitioner DeGraff, Foy, Holt-Harris & Mealy (hereinafter the firm), $13,000 within 90 days of the issuance of letters testamentary to respondent. A decree incorporating the stipulation was subsequently entered by Surrogate's Court.

Although the letters testamentary were issued on or about April 26, 1990, respondent failed to make the required payments within the specified period of time, and Messina thereafter commenced this proceeding seeking to enforce the settlement. McNiece and the firm joined in the petition, and respondent appeared and answered asserting, *inter alia,* that Surrogate's Court lacked jurisdiction. An order and judgment was entered in favor of petitioners, and this appeal by respondent followed.

We affirm. Initially, we reject respondent's assertion that Surrogate's Court lacked subject matter jurisdiction. SCPA 201 (3) vests Surrogate's Court with broad jurisdiction over "all matters relating to estates and the affairs of decedents". Such jurisdiction, in turn, is exercised by the commencement of a proceeding in the court and "[a]ll proceedings are special proceedings and are commenced by filing a petition" (SCPA 203). Here, the order to show cause and verified petition filed by Messina was sufficient to commence a special proceeding and, therefore, the question of whether the relief sought by petitioners could be obtained by way of motion or only through a separate proceeding (see generally, Teitelbaum Holdings v Gold, 48 NY2d 51) is irrelevant (see, Matter of Rosenhain, 151 AD2d 835, 837).

Respondent next contends that Surrogate's Court erred in granting petitioners leave to execute against the real property of the estate (see, SCPA 1812) because petitioners were not judgment creditors within the meaning of that provision. The record reveals, and the parties do not dispute, that the stipulation of settlement granted petitioners the right to proceed against the estate if the required payments were not made within the specified time period. Indeed, although the parties did not specifically stipulate to an entry of judgment upon the failure to comply within the 90-day period, the stipulation makes clear that the sums due "automatically" became a charge against the estate at the end of that period. This language apparently led petitioners to believe that it was not necessary to file a separate claim against the estate for the agreed upon sums due (see generally, SCPA 1803) and that they could instead proceed directly under SCPA 1812.

Based upon our review of the record as a whole, and given the particular circumstances present here, we are of the view that any technical defect or irregularity in the procedure followed by petitioners and Surrogate's Court should be ignored (see, SCPA 102; CPLR 2001). As noted previously, there is no dispute as to petitioners' right to enforce their claim against the estate, nor is there any question as to the amount of their claim. Additionally, this proceeding was commenced on notice, respondent appeared and answered, the record indicates that Surrogate's Court was in possession of all the relevant facts necessary to render a decision on petitioners' application and there is no indication that the parties were prejudiced by the procedure followed. Respondent's remaining contentions, including his assertion that Surrogate's Court erred in awarding interest at the statutory rate from the date

of entry of the decree *(see generally, Juracka v Ferrara,* 120 AD2d 822, *lv denied* 68 NY2d 608; *Matter of Zalaznick,* 94 Misc 2d 988), have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Cardona, JJ., concur. Ordered that the order and judgment is affirmed, with costs.