■ In the Matter of the Estate of Evelyn J. Badstein, Deceased. [640 NYS2d 141] ■

■

This case involves a dispute over which of two wills should be admitted to probate. Pursuant to a stipulation of settlement, the objectant gave up her rights as a legatee under one of those wills, the other will was admitted to probate, and the appellant, pursuant to the terms of the probated will, became the owner of a condominium previously owned by the deceased and occupied by the objectant. When the objectant refused to vacate the condominium pursuant to the terms of the stipulation, the appellant elected to enforce the terms of the stipulation by securing her eviction. The appellant refused to comply with the remaining terms of the stipulation, asserting that the stipulation had been terminated by the objectant's conduct.

Since, upon the objectant's alleged breach of the stipulation, the appellant did not seek rescission, and secured enforcement of the terms in her favor, the Surrogate properly enforced the remaining terms in the objectant's favor, with an offset for the appellant's expenses in securing her eviction *(see, Plant City Steel Corp. v National Mach. Exch.,* 23 NY2d 472). The Surrogate's enforcement of the stipulation was in keeping with strong policy considerations favoring stipulations of settlement *(see, Denburg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375,

383; *Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Rebell v Trask,* 220 AD2d 594).

The appellant's remaining contentions are without merit *(see,* SCPA 201 [3]; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 55-56; *Matter of Foley,* 199 AD2d 672, 673; *Matter of Rosenhain,* 151 AD2d 835, 836-837). Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.