■ EDWARD G. MUNDINGER et al., Appellants, v EDWARD L. CLARK et al., Respondents. [660 NYS2d 27] —In action to recover damages, *inter alia,* for a breach of a shareholders agreement, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 15, 1996, which, *inter alia,* denied their application to, among other things, enjoin the defendants from proceeding with a warrant of eviction.

Ordered that the order is affirmed, with costs.

We agree with the plaintiffs that the letter of the defendants Edward L. Clark and Alba B. Clark dated July 21, 1995, setting forth new terms to the May 1, 1995, stipulation of settlement constituted a repudiation of the stipulation (*see, Sunshine Steak, Salad & Seafood v W. I. M. Realty,* 135 AD2d 891). However, the plaintiffs did not seek rescission but instead elected to hold the Clarks to the original stipulation of settlement and demanded performance in accordance with it. Thus, the plaintiffs kept the stipulation agreement alive for the benefit of both parties, so that either party could take advantage of supervening events (*see, Rubber Trading Co. v Manhattan Rubber Mfg. Co.,* 221 NY 120, 126; *Matter of Badstein,* 225 AD2d 691; *Hadfield v Colter,* 188 App Div 563, 577; *cf., Matthews v Bearce,* 65 AD2d 853). The plaintiffs, by failing to vacate the premises on the agreed-upon date of July 31, 1995, breached the stipulation of settlement, and therefore may not now seek to rescind the stipulation of settlement based on the Clarks' anticipatory breach. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.