■ KAREN SPECTOR, Respondent, v MICHAEL SPECTOR, Appellant. [666 NYS2d 468] —In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated May 15, 1996, as allegedly altered the provisions of a stipulation of the parties, made in open court, by (1) directing him to provide access to the marital residence to the plaintiff wife to allow removal of specified items of personalty, (2) reducing the remaining balance of a distributive award of $54,000 that the wife agreed to pay to the husband to $53,025, (3) failing to enter a judgment on the distributive award and preclud-

ing payment of interest thereon, and (4) providing that the payment of the distributive award, as reduced, be made as the wife "is leaving the marital residence with her personalty".

Ordered that the order is affirmed insofar as appealed from, with costs.

This case involves a dispute over the return of some personal belongings the wife left in the marital residence and the payment by her of the remaining balance of a distributive award. A stipulation of settlement entered in open court required the return of the property in exchange for staged payments of the award. Neither party fully performed under the stipulation. The husband moved for a money judgment and the wife cross-moved, *inter alia*, to compel him to deliver the remaining personal items. After a conference, the court ordered that the parties simultaneously perform their obligations pursuant to the stipulation.

The husband contends that the court altered the terms of the stipulation. We disagree. The court's order simply enforces the terms of that stipulation requiring performance by both parties. The court's enforcement of the stipulation was in keeping with strong policy considerations favoring stipulations of settlement (*see, Denberg v Parker Chapin Flattau & Klimpl,* 82 NY2d 375; *Matter of Badstein,* 225 AD2d 691; *Hansen v Maine,* 223 AD2d 675).

We have examined the husband's remaining contentions and find them to be without merit. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.