In the Matter of the Estate of BETSEY L. CLARK, Deceased. PAUL P. PERKINS et al., Appellants; SOUTHWORTH LIBRARY ASSOCIATION OF DRYDEN et al., Respondents. [757 NYS2d 649] —Kane, J. Appeal from an order of the Surrogate's Court of Tompkins County (Sherman, S.), entered February 13, 2002, which denied petitioners' application to compel respondent Southworth Library Association of Dryden to pay over decedent's residuary estate.

Betsey L. Clark (hereinafter decedent) died in 1966, leaving a will dated April 17, 1958. The will left decedent's residuary estate in trust to respondent Southworth Library Association of Dryden (hereinafter the Library), "on condition, however, that the [Library] has not joined the Tompkins County Federated Library Plan and does not join it after my death." If the Library joined the Federated Library Plan, the residuary estate was to pass to petitioner Dryden Lodge No. 472, F. & A.M. (hereinafter the Masonic Lodge). The Tompkins County Legislature never authorized the Federated Library Plan, which would have been created under Education Law former § 273. The legislation which repealed that section effective April 1, 1958 also enacted Education Law § 255 (2), which provided that libraries could establish a cooperative library system. The Finger Lakes Library System is such a cooperative, which the Library joined in 1999. Petitioners commenced this proceeding for a construction of decedent's will to determine if the Library's actions deprived it of its bequest. Surrogate's Court dismissed the petition. Petitioners appeal.

"Where language is unambiguous and supports a reasonable meaning, it must be accepted as manifesting the grantor's intention; the court is bound and the canons of construction do not come into play" (*Matter of Gouraud*, 85 AD2d 342, 344 [1982], *affd* 59 NY2d 925 [1983] [citations omitted]; *see Matter of Fabbri*, 2 NY2d 236, 244 [1957]; *Matter of Andrews v Trustco Bank, Natl. Assn.*, 289 AD2d 910, 911 [2001]). There is no basis to disregard express terms in a will, absent ambiguity (*see Matter of Wickwire*, 270 AD2d 659, 660 [2000], *lv dismissed and denied* 95 NY2d 824 [2000]). Decedent unambiguously conditioned the Library's gift on it not joining "the Tompkins County

Federated Library Plan." The will did not include language indicating that joining any similar plan or a cooperative system was contrary to decedent's intentions. Decedent could have included such language before signing, or could, during the eight years between the execution of her will and her death, have drafted a new will or codicil reflecting the changes in the Education Law. As she did not do so, we may not redraft her will " 'to carry out some supposed but undisclosed purpose' " (*Matter of Jones*, 38 NY2d 189, 193 [1975], quoting *Herzog v Title Guar. & Trust Co.*, 177 NY 86, 92 [1903]; *see Matter of Souter*, 267 AD2d 1004, 1005 [1999]). Joining the cooperative system was not the same as joining the Federated Library Plan. Therefore, the Library's actions did not divest it of its bequest under decedent's will.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.