■ In the Matter of the Estate of SIDNEY RAMDIN, Deceased. NANDRAM RAMDIN et al., Respondents; BHANMATTIE HULASIYA, Appellant. [783 NYS2d 643]—

In a will construction proceeding, Bhanmattie Hulasiya, the executrix of the estate of Sidney Ramdin, appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Queens County (Nahman, S.), dated February 24, 2003, as denied that branch of her motion which was, in effect, to vacate that portion of a referee's report (Loukides, R.), dated June 24, 2002, which found that article THIRD (b) of the will was a defective disposition of the decedent's property, and confirmed that portion of the referee's report.

Ordered that the decree is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was, in effect, to vacate that portion of the referee's report which found that article THIRD (b) of the will was a defective disposition of the decedent's property is granted, and that portion of the referee's report is disaffirmed.

The appellant, Bhanmattie Hulasiya, the decedent's sister, is the executrix of the estate. The petitioners, the decedent's two sons, requested, inter alia, that the Surrogate's Court determine the construction and validity of article THIRD (b) of their father's will, and the Surrogate's Court referred the matter to a referee to hear and report. Article THIRD (b) provided, in pertinent part:

"I hereby direct that [an interest in real property] shall be distributed in the absolute joint discretion of my sisters Bhanmattie Hulasiya and Rajmattie Jailall to whomsoever they jointly deem fit to distribute same and that their joint decision shall be unimpecable [sic] for all purposes."

The referee found in her report that this provision was a defective disposition of the decedent's property, and the Surrogate's Court confirmed the report. The appellant challenges this finding and contends that article THIRD (b) of the will was a valid disposition of the decedent's property. We agree and reverse the decree insofar as appealed from.

The cardinal rule of construction of a will is to carry out the intent of the testator (see Matter of Walker, 64 NY2d 354 [1985]; Matter of Fabbri, 2 NY2d 236 [1957]; Matter of Sprinchorn, 151 AD2d 27 [1989]; Matter of Bellows, 103 AD2d 594 [1984], affd 65 NY2d 906 [1985]). All rules of interpretation are subordinated to the requirement that the actual purpose of the testator is sought and effectuated as far as is consonant with principles of law and public policy (see Matter of Fabbri, supra at 239-240). "Intent is not to be gleaned by focusing upon any one particular word, sentence or provision; rather, it must be ascertained from a perusal of the entire will by a reader mindful of the particular facts and circumstances under which the provisions of the

instrument were framed" (*Matter of Bellows, supra* at 597; *see Matter of Carmer,* 71 NY2d 781 [1988]; *Matter of Thall,* 18 NY2d 186 [1966]).

It is clear from the language of the will, when read in conjunction with the deposition testimony of the drafter, that the deceased, as donor, intended to give his sisters, as donees, absolute control over the appointive property. Such an absolute grant of power created a general power of appointment (*see Manion v Peoples Bank of Johnstown,* 292 NY 317 [1944]; *see also* EPTL 10-3.2 [b]). "The effect of conferring [such] power. . . is to invest its donee with a power of disposition as broad as though she was disposing of her own property" (*Isham v New York Assn. for Improving the Condition of the Poor,* 177 NY 218, 223 [1904]). Accordingly, there is no basis for finding the power invalid due to the deceased's decision not to identify a particular appointee (*cf. Tilden v Green,* 130 NY 29 [1891]; *Read v Williams,* 125 NY 560 [1891]). Prudenti, P.J., Krausman, Adams and Spolzino, JJ., concur.