■ In the Matter of ERMELINDA RODRIGUES, Deceased. JOSE RODRIGUES, Appellant; MARIE HAMMEL, Respondent. [823 NYS2d 205]—

In a proceeding pursuant to SCPA 2102 to compel the executrix of the estate to sell real property, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated August 24, 2005, which granted the executor's motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

The testator's will directed the executrix of her estate to sell, as soon as practically possible, any real property that she owned at her death, at market price. Paragraph "FIFTH" of the will provided, however, that in the event one of the beneficiaries wished to purchase the real property, "said beneficiary shall have the first opportunity to purchase the property." To obtain the benefit of this provision, the will stated that, "[s]aid beneficiary must notify my Executrix of said intentions, in writing, within two months of my death."

The prime consideration in construction proceedings is the intention of the testator as expressed in the will (see *Matter of Fabbri*, 2 NY2d 236, 239 [1957]). "All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy" (*id*. at 239-240). "Where language is unambiguous and supports a reasonable meaning, it must be accepted as manifesting the [testator's] intention; the court is bound and the canons of construction do not come into play" (*Matter of Clark*, 304 AD2d 1034, 1034 [2003]; *Matter of Gouraud*, 85 AD2d 342, 344 [1982]). "There is no basis to disregard express terms in a will, absent ambiguity" (304 AD2d at 1034).

Here, paragraph "FIFTH" of the will unambiguously stated that in order for a beneficiary to be entitled to the "first opportunity" to purchase the property, the beneficiary must provide the Executrix with written notice of his intention, within two months of the testator's death. Since the petitioner, a beneficiary under the will, failed to comply with this notice requirement, he failed to invoke his entitlement to the first opportunity to purchase the real property. Accordingly, the Surrogate's Court properly dismissed the petition (see *Matter of Fabbri, supra*; *Matter of Clark, supra*). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.