■ In the Matter of the Estate of EDWARD J. MALISZEWSKI, Deceased. ROBERT MALISZEWSKI et al., as Guardians of the Property of CELENA M. MALISZEWSKI, an Infant, et al., Appellants; MICHAEL BIEGA et al., Respondents. [839 NYS2d 586]—

Mercure, J.P. Appeal from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered August 17, 2006, which construed paragraph four of decedent's last will and testament.

Petitioners commenced this proceeding to construe the fourth paragraph of decedent's last will and testament. That paragraph provided that if any part of decedent's estate vested "absolute ownership in a person under the age of [25]," then decedent's fiduciary was authorized "to hold the property so vested in a separate fund for the benefit of such person and to invest and reinvest the same." The fiduciary was also directed to apply so much of the net income or principal necessary for the "care, support, maintenance and education of said person" until he or she reached age 25, at which point the accumulated income, as well as the unexpended principal, would be paid to him or her. According to petitioners, the fourth paragraph was meant to establish trusts for the benefit of any beneficiaries who were under age 25 at the time of decedent's death. Surrogate's Court disagreed and concluded that this paragraph did not set up a valid trust, prompting this appeal.

At issue are the specific bequests of stocks in a separate paragraph of decedent's will that passed to individuals who were under the age of 25 at the time of decedent's death. Petitioners argue that it was decedent's intent that the stocks would be held in trust until the legatees attain the age of 25. We agree.

To constitute a valid trust, there must be a designated beneficiary, a designated trustee, an identifiable res and delivery with the intent of vesting legal title in a trustee (*see Matter of Marcus Trusts*, 2 AD3d 640, 641 [2003]). Surrogate's Court found that there was no showing of delivery with the intent of vesting legal title in the trustee; instead, the court determined that legal title was granted to the listed legatees by virtue of the language "vest in absolute ownership." The will also provided, however, that if the legatee was under age 25, the fiduciary was to hold the property "so vested" in a separate fund and to invest it and reinvest it as above set forth until the legatee reached 25 years of age. Thus, contrary to the findings of Surrogate's Court, even given the "so vested" language, the fiduciary did in fact gain legal title to the assets so as to be considered a trustee (*see Orentreich v Prudential Ins. Co. of Am.*, 275 AD2d 685, 685-686 [2000]).

It is well settled that the "cardinal rule of construction of a will is to carry out the intent of the testator" (*Matter of Ramdin*, 11 AD3d 698, 699 [2004]). The intent of the testator is not to be found "from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which [its] provisions . . . were framed" (*Matter of Fabbri*, 2 NY2d 236, 240 [1957]; *see Matter of Flyer*, 23 NY2d 579, 584 [1969]). While the "vested" language is suggestive of an absolute gift, the remainder of the language of the will demonstrates that decedent intended to establish a trust for each legatee. Specifically, by naming a "fiduciar[y]" for each legatee and directing him or her to hold the property in a separate fund and to invest it, as well as to apply the "net income . . . or . . . principal to the care, support, maintenance and education" of the legatee until the age of 25, decedent manifested his intent to create a trust for each legatee. Accordingly, this Court construes the fourth paragraph of the will as establishing trusts for the benefit of each legatee who was under 25 years of age at the time of decedent's death (*see Matter of Bay*, 178 Misc 737, 738 [1942]).

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Schenectady County for further proceedings not inconsistent with this Court's decision.