■ In the Matter of NORMAN L. CHERNIK, Deceased. ANNE MARIE DUNNE, Respondent; ARIA F. CHERNIK, Appellant, et al., Objectant. [53 NYS3d 360]—

Consolidated appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered December 24, 2014, and from stated portions of a decree of that court entered June 18, 2015. The order granted the petitioner Anne Marie Dunne's motion for summary judgment, inter alia, dismissing the objections to her account. The decree, among other things, judicially settled and allowed the account as filed.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner payable by the appellant personally.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of

the decree (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (CPLR 5501 [a] [1]).

The decedent, Norman L. Chernik, died on February 23, 2012. He was survived by his wife, Anne Marie Dunne (hereinafter the wife), their two minor children, Noah and Alannah, and his two adult children from a prior marriage, Abra and Aria. Prior to his death, he created the Norman L. Chernik Revocable Trust by agreement executed November 11, 2009 (hereinafter the Trust). The decedent named himself as the trustee and beneficiary of the trust during his lifetime. He named the wife to be the successor trustee upon his death. The remaindermen of the Trust are the decedent's four children.

Under the decedent's will, also executed on November 11, 2009, he named the wife as the executor and the beneficiary of his personal effects and residuary estate. The decedent named his four children as beneficiaries of a pecuniary bequest, the amount of which was to be determined as set forth in article FIFTH of the will.

On November 14, 2013, the wife petitioned for the judicial settlement of her account of the decedent's estate. Abra and Aria filed joint objections to the account, alleging, among other things, that the wife based her account on an erroneous interpretation of article FIFTH of the decedent's will and thereby improperly reduced their bequests. Specifically, they claimed that contrary to the wife's interpretation of article FIFTH, that provision does not require that the distributions made to the decedent's children pursuant to the Trust be taken into account in arriving at the amount of their bequest under the will.

The wife moved for summary judgment, inter alia, dismissing the objections to her account. She contended that the unambiguous language of the will supported her interpretation of article FIFTH. In an order entered December 24, 2014, the Surrogate's Court granted the wife's motion, finding that the language in article FIFTH referred to in the objections "does not upon examination, present an ambiguity, and the language does not necessitate the consideration of extrinsic evidence." The court concluded that the wife's construction of article FIFTH and her proposed distribution set forth in her account based on that construction were correct. The court thereafter issued a decree, inter alia, judicially settling and allowing the account as filed. Aria appeals from the order and from stated portions of the decree.

Aria contends that the Surrogate's Court should have denied

the wife's motion for summary judgment pursuant to CPLR 3212 (f) on the ground that the motion was premature inasmuch there had been no discovery and Aria should have been given the opportunity to, inter alia, depose the person who drafted the will. She asserts that such extrinsic evidence was needed because the language of article FIFTH is ambiguous as to the decedent's intent. However, contrary to Aria's contention, the Surrogate's Court properly concluded that the decedent's intent could be ascertained from within the four corners of the will itself. Since there was no ambiguity, resort to extrinsic evidence would have been inappropriate (*see Matter of Cord*, 58 NY2d 539, 544 [1983]; *Matter of Lynch*, 113 AD3d 616, 617 [2014]; *Matter of Scale*, 38 AD3d 983, 985 [2007]; *Matter of Rodrigues*, 33 AD3d 926, 927 [2006]). As such, the wife's motion was not premature.

Aria's remaining contentions are without merit.

Accordingly, the Surrogate's Court properly granted the wife's motion for summary judgment and judicially settled and allowed the wife's account as filed. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.