■ In the Matter of MARIANNA BONANNO, Deceased. GIOVANNA BAJIC et al., Appellants; BENNETT BONANNO, Respondent, et al., Respondent. [55 NYS3d 437]—

In a probate proceeding in which Giovanna Bajic and Angela Franke petitioned pursuant to SCPA 1420 for the construction of a will, Giovanna Bajic and Angela Franke appeal from an order and decree (one paper) of the Surrogate's Court, Queens County (Kelly, S.), dated March 30, 2016, which, upon a decision of the same court dated February 2, 2016, denied their motion for summary judgment on the petition and denied the petition.

Ordered that the order and decree is affirmed, with costs.

Marianna Bonanno (hereinafter the decedent) died in 2002, leaving a will dated August 1, 1983, which was admitted to probate. In the third article of the will, the decedent "devise[d]" certain real property located in Queens County to her four children. The decedent directed, however, that the property not be

sold "during the time when any one of [her] children is single and not married; and that any one of them resides in the said property." The decedent further directed that when "all of [her] children are married or when all of the children leave . . . and live elsewhere, whether they be married or single," the property was to be sold and the proceeds divided equally among her four children.

The petitioners, who are the decedent's two daughters, petitioned pursuant to SCPA 1420 for a construction of the decedent's will. They sought a construction that certain provisions contained in the third article of the will directing, inter alia, that the property not be sold while any one of the decedent's single and unmarried children live therein were invalid and that the decedent's four children each owned a one-fourth interest in the property, in fee simple absolute, as tenants in common, without restriction. Thereafter, the petitioners moved for summary judgment on the petition. The Surrogate's Court denied their motion (*see Matter of Bonanno*, 51 Misc 3d 629 [Sur Ct, Queens County 2016]) and denied the petition.

" 'The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent' " (*Matter of Bernstein*, 40 AD3d 1086, 1087 [2007], quoting *Williams v Williams*, 36 AD3d 693, 694 [2007]; *see Matter of Levine*, 136 AD3d 920, 921 [2016]; *Matter of Lynch*, 113 AD3d 616, 617 [2014]). " 'All rules of interpretation are subordinated to the requirement that the actual purpose of the testator be sought and effectuated as far as is consonant with principles of law and public policy' " (*Matter of Brignole*, 32 AD3d 538, 538 [2006], quoting *Matter of Fabbri*, 2 NY2d 236, 239-240 [1957]). The testator's intent "must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed" (*Matter of Fabbri*, 2 NY2d at 240; *see Matter of Levine*, 136 AD3d at 921; *Matter of Levitan*, 134 AD3d 716, 717 [2015]; *Matter of Cincotta*, 106 AD3d 998 [2013]).

As properly found by the Surrogate's Court, the clear and unambiguous intent of the decedent was to provide her single and unmarried child or children the use of the property while they remained single and then, after they were married or had all left the property, to have the property sold and the proceeds divided equally among her four children. Contrary to the petitioners' contentions, the provisions challenged by them neither imposed unreasonable restraints on the alienation of real property (*see Metropolitan Transp. Auth. v Bruken Realty Corp.*,

67 NY2d 156, 161 [1986]; Rasch & Dolan, 1 NY Law & Practice of Real Property § 9:10 [2d ed June 2016]), nor violated social policy through restraints on marriage (*see Matter of Liberman*, 279 NY 458, 464 [1939]). The petitioners' remaining contentions are without merit.

Accordingly, the petitioners failed to make a prima facie showing of entitlement to judgment as a matter of law, and the Surrogate's Court properly denied their motion for summary judgment, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), and denied the petition. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.