Matter of Dawe (2020 NY Slip Op 00017)





Matter of Dawe


2020 NY Slip Op 00017


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

527703

[*1]In the Matter of the Estate of Alan Robert Dawe, Deceased. Barry Dawe, Individually and as Coexecutor of the Estate of Alan Robert Dawe, Deceased, Appellant; Godfrey Memorial Library, Respondent. (And Another Related Proceeding.)

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Daniels, Porco & Lusardi, LLP, Pawling (Christen G.M. Rescigno of counsel), for appellant.
Bond, Schoeneck & King, Syracuse (John F. Boyd II of counsel), for respondent.



Pritzker, J.
Appeal from a decree of the Surrogate's Court of Madison County (McDermott, S.), entered August 28, 2018, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to SCPA 1420, for judicial construction of decedent's last will and testament.
Petitioner is the brother of Alan Robert Dawe (hereinafter decedent), who died in 2014. Decedent left a will that included, under the sixth article, a testamentary trust that bequeathed his residuary estate to be held in the "Dawe Family Trust" to fund a website devoted to genealogical research about his family. In addition to detailing how to invest and operate the trust, decedent specified that the trust will "automatically terminate twenty-one (21) years after the death of the survivor of [decedent's brother] and [his] . . . nephew" and, upon such termination, the remaining assets of the trust were to be distributed outright to respondent. Article six also provided that none of decedent's relatives was to receive direct testamentary gifts.
Petitioner commenced this proceeding seeking to judicially construct the will and determine that article six was "invalid, void and of no force and effect because the 'Dawe Family Trust' lacks a designated beneficiary and lacks a charitable purpose." Petitioner therefore argued that he should be the sole receiver of the residuary estate. Respondent filed a cross petition, claiming that decedent "purposely omitted" his family members "from receiving any testamentary disposition" and claimed that decedent wished his residuary estate to be a gift to respondent for the purpose of genealogical research. Respondent also urged that Surrogate's Court would be disregarding decedent's express intent in the will if it were to grant petitioner's request. Instead, respondent affirmed decedent's avid interest regarding genealogy, as well as his membership with respondent, which respondent claimed to indicate that decedent's intent was that respondent receive the gift, which should be an accelerated vested remainder. The Attorney General, pursuant to EPTL 8-1.1, answered the petition and cross petition and supported respondent's position. Respondent also submitted an answer to the petition, and petitioner answered the cross petition. Following a will construction hearing, Surrogate's Court held that the trust was invalid, but interpreted decedent's intent to be that the provision regarding respondent survives, which accelerated the remainder interest payable to respondent. Thus, Surrogate's Court dismissed the petition and granted the cross petition and ordered petitioner to pay over the net residuary estate to respondent. Petitioner appeals.
It is well settled that "the testator is presumed to have intended to dispose of the whole estate by will, and did not intend intestacy as to any part of it" (Matter of Warren, 143 AD3d 1110, 1112 [2016] [internal quotation marks and citation omitted]). "[T]he policy of the courts is to carry out the intention of the testator as far as possible, by leaning in favor of the preservation of such valid parts of the will as can be separated from those which are invalid to preserve the general plan of the testator and to prevent intestacy either partial or total" (Matter of Holmes, 26 AD2d 151, 153 [1966] [internal citation omitted]; see Matter of Fischer, 307 NY 149, 158 [1954]). "In construing a will, the court's foremost objective is ascertainment of the decedent's intent, and concomitantly, effectuating the will's purpose" (Matter of Perlman, 150 AD3d 1012, 1014 [2017] [citation omitted]; see Matter of Maliszewski, 42 AD3d 737, 738 [2007]). "The intent of the testator is not to be found from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which its provisions were framed" (Matter of Maliszewski, 42 AD3d at 738 [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Bonanno, 151 AD3d 718, 719 [2017]).
There is no dispute regarding Surrogate's Court's determination that the trust created in article six of decedent's will is invalid due to the lack of a beneficiary. Thus, the issue turns on whether the court's construction of the will, after striking the trust, effectuated decedent's intent. In addition to creating the invalid trust, the purpose of which was to manage and continue the Dawe Family genealogical research, article six of decedent's will provides, "I am mindful of my two brothers . . . and of my other relatives, all of whom I love dearly, but I do not make any other direct testamentary disposition for any of them."[FN1] This language is unambiguous and manifests decedent's intent that none of his family members was to receive direct testamentary gifts (see Matter of Bonanno, 151 AD3d at 719; Matter of Rodrigues, 33 AD3d 926, 927 [2006]). The language at the end of article six provides that, upon the termination of the trust, "all the assets of the trust . . . shall be distributed outright, free of future trust, to [respondent], a not-for-profit library . . . which promotes and facilitates genealogical research, it being my hope that said library will then preserve (and continue) the Dawe family genealogical research I have conducted (and my said related web site)." This language is similarly unambiguous, manifesting decedent's intent that respondent receive the residuary of his estate with the hope that decedent's genealogical research would be continued (see Matter of Bonanno, 151 AD3d at 719; Matter of Rodrigues, 33 AD3d at 927). Although petitioner argues that decedent's desire to continue the genealogical research about his family manifests an intent that his estate be used to benefit his family, this desire does not negate his express intent that his family not receive outright testamentary gifts. Also, to the extent that petitioner argues that respondent cannot continue decedent's genealogical research, it is clear from the language of the will that continuing this research was not a condition of respondent receiving the residuary estate (compare Matter of Clark, 304 AD2d 1034, 1034-1035 [2003]). Thus, Surrogate's Court did not err in finding decedent's intent to be that the provision regarding respondent survives and, as such, in accelerating the remainder interest payable to respondent.
Petitioner also contends that Surrogate's Court erred when it considered extrinsic evidence, including decedent's obituary, affidavits attesting to decedent's intent and respondent's website about its vast genealogical resources, because the language of the will was unambiguous. "Where language is unambiguous and supports a reasonable meaning, it must be accepted as manifesting the testator's intention; the court is bound and the canons of construction do not come into play" (Matter of Rodrigues, 33 AD3d at 927 [internal quotation marks, brackets and citations omitted]). Based upon our finding that the language of the will was unambiguous, it was error for Surrogate's Court to consider extrinsic evidence (see Matter of Chernik, 150 AD3d 728, 730 [2017]; compare Matter of Rodrigues, 33 AD3d at 927). However, the error was harmless, as Surrogate's Court's ultimate holding is consistent with the interpretation that would have resulted had Surrogate's Court not considered extrinsic evidence. Petitioner's remaining argument has been rendered academic by our determination that the will was unambiguous.
Mulvey, J.P., Devine and Aarons, JJ., concur.
ORDERED that the decree is affirmed, with costs.



Footnotes

Footnote 1: Decedent's will bequeathed to petitioner his "beloved old cat 'Miss Kitty' (age about 13), together with the sum of [$6,000]."