Matter of Grossman (2023 NY Slip Op 03385)

Matter of Grossman

2023 NY Slip Op 03385

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535115
[*1]In the Matter of the Estate of Sally Grossman, Deceased. American Institute of Indian Studies, Respondent; Peter M. Hoffman, as Former Trustee of the Albert B. Grossman Marital Trust, Appellant, et al., Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Raymond J. Markovich, West Hollywood, California, for appellant.
Ryan Roach & Ryan, LLP, Kingston (Sean J. Denvir of counsel), for American Institute of Indian Studies, respondent.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), in her statutory capacity under EPTL 8-1.1 (f).

Aarons, J.P.
Appeal from an order of the Surrogate's Court of Ulster County (Sara W. McGinty, S.), entered March 22, 2022, which, in a proceeding pursuant to SCPA 2102, among other things, denied respondent Peter M. Hoffman's motion to dismiss the petition.
Sally Grossman (hereinafter decedent) and respondent Peter M. Hoffman (hereinafter respondent) were appointed co-trustees of a trust created upon the death of Albert B. Grossman. According to Grossman's will, decedent had the power to appoint, by will, any part or all of the principal of the trust to certain qualifying organizations. After decedent died, her will was entered into probate. Decedent's will exercised the power of appointment reserved to decedent by Grossman's will, and petitioner was appointed to receive the principal of the trust. Respondent, however, did not recognize the power of appointment. Petitioner then commenced this proceeding under SCPA 2102, via order to show cause, seeking an order, among other things, declaring that decedent's exercise of her power of appointment through her will was valid, turning over the assets of the trust to petitioner and directing an accounting. Respondent thereafter moved to dismiss the petition on procedural and substantive grounds. As relevant here, Surrogate's Court denied respondent's motion. Respondent appeals.
Respondent argues that the petition should have been dismissed because Surrogate's Court lacked personal jurisdiction over him. We disagree. The documentary evidence establishes that respondent was served in accordance with the terms of the order to show cause. In the motion to dismiss, respondent asserted that he never received the petition by mail or personal service and that he only had notice of the proceeding via email. This general denial of receipt, however, does not suffice to rebut the presumption of service (see Dayco Mech. Servs., Inc. v Toscani, 94 AD3d 1214, 1214 [3d Dept 2012]). Furthermore, to the extent that respondent claims that the manner in which the court directed service upon him was unauthorized, such claim is improperly raised for the first time on appeal (see Matter of Guattery, 238 AD2d 820, 822 [3d Dept 1997], lv denied 90 NY2d 811 [1997]) and, in any event, is without merit (see SCPA 307 [3]; Matter of Foley, 199 AD2d 672, 673 [3d Dept 1993]).
Respondent additionally moved to dismiss the petition due to lack of subject matter jurisdiction. Surrogate's Court has "full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents" (SCPA 201 [3]; see Matter of Piccione, 57 NY2d 278, 287 [1982]; Matter of Foley, 199 AD2d at 673). The controversy at issue centers on the validity of a power of appointment granted to decedent in Grossman's will, the exercise of that power in decedent's will and whether the assets of the trust should be turned over to petitioner. The issues in this proceeding thus relate to the affairs of two decedents — Grossman [*2]and decedent — and the administration of their estates. In view of this, the court had subject matter jurisdiction (see Matter of Mooney, 263 AD2d 727, 729-730 [3d Dept 1999]; Matter of Garofalo, 141 AD2d 899, 900-901 [3d Dept 1988]).
As to respondent's challenge to the power of appointment, "[w]here language is unambiguous and supports a reasonable meaning, it must be accepted as manifesting the grantor's intention; the court is bound and the canons of construction do not come into play" (Matter of Clark, 304 AD2d 1034, 1034 [3d Dept 2003] [internal quotation marks and citation omitted]). Grossman's will stated that decedent "shall have the power to appoint, by valid [w]ill . . . , all or any part of the principal of the [trust] . . . in favor of any organization or organizations contributions and gifts to which are deductible for federal income and estate tax purposes." Grossman's will further stated that "[t]he power shall be deemed to have been exercised only if by specific reference thereto in [decedent's] [w]ill." That said, this language unambiguously demonstrates that Grossman intended to give decedent a power of appointment of the trust's principal, subject to certain conditions (see Matter of Dawe, 179 AD3d 1182, 1183-1184 [3d Dept 2020]; Matter of Ramdin, 11 AD3d 698, 700 [2d Dept 2004]; Matter of Clark, 304 AD2d at 1035). In addition, the pertinent provisions of decedent's will reveal that there was compliance with those conditions. Based on the foregoing, the power of appointment to decedent was valid and properly exercised. Accordingly, Surrogate's Court correctly denied respondent's motion. Respondent's remaining contentions have been considered and they are either improperly before us or without merit.
Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.