Matter of Aoki (2023 NY Slip Op 05784)

Matter of Aoki

2023 NY Slip Op 05784

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

File No. 2008/2604/H/I 2008/2604/F Appeal No. 1045 Case No. 2023-02293 

[*1]In the Matter of Devon Aoki and Steven Aoki as Beneficiaries of the Trust Created under Article VIII of the Will of Rocky H. Aoki, Also Known as Hiroaki Aoki, Deceased. to Revoke the Letters of Trusteeship Issued to Keiko Ono Aoki as Trustee of the Trust.
Devon Aoki, et al., Petitioners-Respondents,
Keiko Ono Aoki, Respondent-Appellant.
In the Matter of the Judicial Settlement of the First Intermediate Account of Proceedings of Keiko Ono Aoki, as Trustee of the Trust under Article VIII of the Will of Rocky H. Aoki, Also Known as Hiroaki Aoki, Deceased.
Keiko Ono Aoki, Petitioner-Appellant,
Devon Aoki, et al. Respondents-Respondents.

Holwell Shuster & Goldberg LLP, New York (James M. McGuire of counsel), for appellant.
Pryor Cashman LLP, New York (David C. Rose of counsel) for Devon Aoki and Steven Aoki, respondents.
Ruskin Moscou Faltischek, P.C., Uniondale (Jessica M. Baquet of counsel), guardian ad litem.

Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about April 14, 2023, which, to the extent appealed from, denied trustee Keiko Ono Aoki's motion for summary judgment for an order determining that petitioners Devon Aoki and Steven Aoki lacked standing to participate in removal and accounting proceedings, unanimously affirmed, with costs.
The trustee failed to establish that petitioners Devon Aoki and Steven Aoki violated the no-contest clause of decedent's will by asserting claims in an accounting proceeding, by commencing proceedings for construction of the will under SCPA 1420, and by seeking removal of the trustee, thus forfeiting their bequests (see Matter of Ellis, 252 AD2d 118, 132 [2d Dept 1998], lv denied 93 NY2d 805 [1999]). With respect to the will construction proceeding, Devon and Steven's initiation of that proceeding under SCPA 1420 was protected by the safe harbor provision of EPTL 3-3.5(b)(3)(E), which expressly provides that commencement of a construction proceeding does not violate a no-contest clause in a will (see also Matter of Harrison, 184 AD2d 42, 46 [3d Dept 1992]). Similarly, with respect to the removal and accounting proceedings, it is against public policy for a testator to take steps to render a trustee immune from liability for failure to exercise reasonable care, diligence, and prudence (EPTL 11-1.7[a]).
We reject the trustee's argument that the decedent's intent to bar will contests must necessarily predominate. The decedent elected to place the bequests to Devon and Steven into a trust rather than bequeath his estate directly to them in fee simple, and, given certain provisions in the will, must have been aware that the trustee's conduct was subject to oversight based on public policy considerations(see EPTL 11-1.7[a]; see also Matter of Dawe, 179 AD3d 1182, 1183 [3d Dept 2020] [testator's intent must be ascertained by a reading of the will in its entirety and in view of all of the facts and circumstances]; Matter of Sochurek, 174 AD3d 908, 910 [2d Dept 2019]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023