Matter of Lenk (Senken) (2025 NY Slip Op 06168)

Matter of Lenk (Senken)

2025 NY Slip Op 06168

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2021-02737

[*1]In the Matter of Peter Lenk, Jr., deceased. Gregory Senken, et al., petitioners-respondents; Peter A. Lenk, appellant, et al., respondents. (File No. 2330/97)

Thomas A. Illmensee, Garden City, NY, for appellant.
Westervelt & Rea, LLP, Shelter Island, NY (Kimberlea Shaw Rea of counsel), for petitioners-respondents.

DECISION & ORDER
In a probate proceeding in which Gregory Senken, Matthew Senken, Patricia Hitscherich, Bridget Staff, and Paul Senken petitioned pursuant to SCPA 1420 for the construction of a will, Peter A. Lenk appeals from a decree of the Surrogate's Court, Suffolk County (Theresa Whelan, S.), dated March 1, 2021. The decree, upon a decision of the same court dated January 10, 2020, granted the petition.
ORDERED that the decree is affirmed, with costs.
Peter Lenk, Jr. (hereinafter the decedent), died in 1997, leaving a will dated October 15, 1983, which was admitted to probate. Pursuant to Article Second of the will, the decedent devised "[a]ll of [his] estate, both real and personal . . . onto [his] children . . . in equal shares, to share and share alike, to have and to hold the same absolutely and forever." Article Fourth of the will provided, in pertinent part, that "[s]hould my sister, IRENE DOROTHY SENKEN and my brother-in-law, EDWARD SENKEN survive me, I give, devise and bequeath to them an estate for life in" certain real property located on West Neck Road in Shelter Island (hereinafter the subject real property). Article Fourth also provided that "[u]pon the death of my sister and brother-in-law, should they survive me, their personal representatives . . . shall pay over the said property to their issue then living, per stirpes, and to my then living issue, per stirpes."
The petitioners, who are the children of Irene Dorothy Senken (hereinafter Irene), the decedent's nephews and nieces, petitioned pursuant to SCPA 1420 for a construction of the decedent's will. They sought the construction that Article Fourth of the will devised the subject real property to the decedent's children and Irene's children living at the time of vesting, in equal shares. Thereafter, the decedent's children moved pursuant to SCPA 1420 to construe the decedent's will as devising the subject real property only to the decedent's children, in equal shares. In a decree dated March 1, 2021, upon a decision dated January 10, 2020, the Surrogate's Court decreed that pursuant to the terms of the will, it was the decedent's intent to devise the subject real property to his children and Irene's children living at the time of vesting, in equal shares, per stirpes. Peter A. Lenk appeals.
"The purpose of a will construction proceeding is to ascertain and give effect to the testator's intent" (Matter of Bonanno, 151 AD3d 718, 719 [internal quotation marks omitted]; see Matter of Carmer, 71 NY2d 781, 785). The decedent's intent "'must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed'" (Matter of Larkin, 9 NY2d 88, 91 [emphasis omitted], quoting Matter of Fabbri, 2 NY2d 236, 240; see Matter of Brignole, 32 AD3d 538, 538). "When the words of a will in the first instance clearly indicate an intention to make an absolute gift of property to a donee 'it will not be restricted or cut down to any less estate by subsequent or ambiguous words, inferential in their intent'" (Matter of Warren, 11 NY2d 463, 468, quoting Clarke v Leupp, 88 NY 228, 231). Here, as properly determined by the Surrogate's Court, the clear and unambiguous intent of the decedent was to devise the subject real property to Irene and to the decedent's brother-in-law for life and, thereafter, to the decedent's children and Irene's children living at the time of vesting, in equal shares, per stirpes (see Matter of Bonanno, 151 AD3d at 719; Matter of Lanza, 307 AD2d 265, 266). Since there was no ambiguity, resort to extrinsic evidence would have been inappropriate (see Matter of Cord, 58 NY2d 539, 544; Matter of Chernik, 150 AD3d 728, 730).
Lenk's remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, the Surrogate's Court properly granted the petition.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court